EDMONDS, J.
 

 Bank of America National Trust and Savings Association is the respondent on an appeal from a judgment rendered in an action brought by it for declaratory relief and instructions in aid of the administration of a trust and the disposition of funds held thereunder. By the present proceeding it seeks a writ of
 
 supersedeas
 
 staying the execution of the judgment pending the determination of the appeal.
 

 Petitioner is the successor trustee under a trust indenture executed by Bastanchury Ranch Company to secure an issue of bonds in the principal amount of $1,500,000. Subsequent to the execution of this instrument the trustor executed a crop mortgage to Maria O. Bastanchury, which mortgage was assigned to Union Bank and Trust Company of Los Angeles. Later, petitioner entered into an agreement with the trustor and Standard Oil Company of California wherein the latter company agreed to advance approximately $87,000 for pest control on property subject to the trust indenture. Less than a month afterward, Consolidated Securities Company commenced an action to foreclose a junior encumbrance on this property. A receiver for the assets of the trustor was appointed in that action and, pursuant to the request of the receiver, the petitioner consented that Consolidated Securities Company might advance the sum of $50,000 to protect the property. However, the petitioner alleges that it does not know how much money, if any, was advanced by Standard Oil Company of California or Consolidated Securities Company under their respective agreements.
 

 At a subsequent time, petitioner took possession of the property described in the trust indenture and afterward sold and conveyed it to Alfred R. Thomas, Harold D. Spear and Walter C. Austin, constituting a protective committee formed by the owners of over 90 per cent of the outstanding bonds
 
 *92
 
 secured by the deed of trust, for the sum of $610,000. The controversy in the action for declaratory relief concerns the right to the proceeds of this sale.
 

 The defendant Standard Oil Company of California on its own behalf and as assignee of Consolidated Securities Company claims the sum of $44,421.38 with interest, and Maria O. Bastanehury, also a defendant, claims the sum of $40,846.39 from the money now held by the petitioner. Contrary to these contentions the defendant, Sunny Hills Ranch, Inc., as assignee of the bondholders’ committee, asserts that the proceeds of the sale of the property should be paid to it for the benefit of the bondholders. The superior court decreed that Standard Oil Company of California should recover from plaintiff $24.15 and ordered the petitioner to pay 91.7949 per cent of the remainder of the amount in its possession, after the deduction of this sum and interest thereon and all costs and expenses properly incurred or chargeable by it, to Sunny Hills Ranch, Inc., and the balance to the owners and holders of bonds not deposited under that agreement. The execution now outstanding was procured by Sunny Hills Ranch, Inc., upon this judgment several months after a notice of appeal therefrom was filed by the defendants Standard Oil Company of California and Consolidated Securities Company.
 

 The petitioner contends that in the event it now complies with the judgment of the superior court and disburses the funds in its possession as required therein and this court upon the determination of the appeal should reverse the judgment, it may not be able to recover the funds so paid in order to disburse them pursuant to the further order of this court or the superior court. It alleges that Sunny Hills Ranch, Inc., is engaged in the business of owning and operating citrus properties; that these properties are subject to a first lien securing indebtedness of $700,000; that it is otherwise indebted; and that its income is uncertain by reason of the variations in the amount of crops harvested and the amounts obtainable therefor. It asserts that it is willing to pay the funds in its possession to the person or persons finally determined to be entitled thereto, and it claims no interest in the funds other than the costs and expenses payable to it under the provisions of the trust indenture.
 

 Two points are made by the petitioner as grounds for its contentions. The first is that the judgment from which
 
 *93
 
 the appeal has been taken is not a judgment directing the payment of money, hence the writ of execution was improperly issued. It is also urged that under the circumstances here shown, this court, as a matter of discretion and in the aid of its appellate jurisdiction, should stay execution upon the judgment until the conflicting claims to the fund are finally determined.
 

 Neither the findings of fact, conclusions of law nor the judgment specify the amount of money actually held by the trustee. The judgment directs the plaintiff to pay “all costs and expenses incurred by it in accordance with and payable under the terms and provisions of the aforesaid trust indenture”, but there is no determination of their amount. Also, the judgment inferentially suggests that the trustee holds funds other than the proceeds of the sale of the real estate, for it directs the plaintiff to “pay all of the purchase money and the proceeds and avails of the sale held February 17,1933, under and in pursuance of the provisions of the aforementioned trust indenture now retained by it together with any other amounts which may have been retained by said trustee under the provisions thereof as part of said trust estate or proceeds thereof”.
 

 This judgment is not a complete determination of the rights of the trustee and the claimants to the fund. As between the trustee and the ranch company it is an adjudication that the latter is entitled to a specified percentage of the net proceeds of the trust fund as against the claims of the defendants who have not appealed from it. But it is not a judgment upon which execution may issue. An execution must refer to the judgment and state “if it be for money the amount thereof, and the amount actually due thereon”. (Sec. 682, Code Civ. Proc.)
 

 Recognizing the deficiencies in the judgment but claiming that the petitioner must disburse the funds in its hands notwithstanding the appeal, the ranch company on March 9, 1937, made an
 
 ex parte
 
 application to the superior court for the issuance of a writ of execution. In support of this application it presented an affidavit alleging that petitioner holds $47,869.79 after payment of the amount found to be due to Standard Oil Company of California and all costs and expenses of the trustee. The court thereupon made an order “that a writ of execution issue for the enforcement of
 
 *94
 
 the judgment- made and entered in the above entitled action . . . commanding said Bank of America National Trust and Savings Association to pay to Sunny Hills Ranch, Inc., in pursuance of the aforementioned judgment, the sum of $43,942.02 from the fund now held by it. . . . ” This amount is 91.7949 per cent of the total sum which, it is stated in the affidavit, is in the possession of the petitioner. Pursuant to this order a writ of execution was issued reciting that on November 25, 1936, Sunny Hills Ranch, Inc., recovered a judgment against petitioner “for 91.7949 per cent of certain funds” and that “by court order of March 9, 1937, the sum of $43,942.02 is now due” to the ranch company by the bank from the fund now held by it. This writ was levied upon the petitioner, which alleges that it has not paid the sum demanded to the sheriff and that he threatens to seize the property unless the amount of the execution is forthwith paid.
 

 As between the petitioner and the ranch company, the judgment which is now on appeal is only an adjudication that the owners of the bonds originally secured by the deed of trust, or their successors, are entitled to the trust fund as against other claimants. It does not completely fix the liability of the petitioner to the ranch company. “A final decree in equity must state in plain- figures the amount which a party must pay in the way both of debt or damages and costs, as well as every other matter adjudicated.”
 
 (Johnson's Case,
 
 242 Mass. 489 [136 N. E. 563, 566].) When the amount is not so stated and does not appear in the judgment roll, it cannot be supplied by an affidavit submitted
 
 ex parte.
 
 The superior court had no authority to order a writ of execution to issue upon the facts stated in the affidavit made on behalf of the ranch company and its writ should be recalled.
 

 However, even if the judgment were for a stated amount, the situation shown by the petitioner is one whicli warrants the issuance of the discretionary writ. The trustee should not be required to pay out trust funds pending an appeal and have the burden cast upon it of recovering those funds if the judgment is reversed or modified. Although Sunny Hills Ranch, Inc., is apparently now in sound financial condition, there is no such certainty in human affairs that we may say this situation will continue during the remaining period of the litigation. On the other hand, the petitioner is
 
 *95
 
 a national bank and the rights of all parties will be amply protected if the money is held by it pending the final judgment.
 

 It is, therefore, ordered that a writ of
 
 supersedeas
 
 issue staying all proceedings for the enforcement of the judgment pending a final determination of the appeal.
 

 Waste, C. J., Shenk, J., Curtis, J., Nonrse, J.,
 
 pro tem.,
 
 and Seawell, J., concurred.