[L. A. No. 16765.   In Bank.—October 31, 1938.]

L. P. FELDMEIER et al., Petitioners, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY et al., Respondents.

Morin, Newell, Brown & Hamill for Petitioners.

Heaney, Price, Postel & Parma for Respondents.

EDMONDS, J.—By this proceeding the petitioners seek a writ of mandate directed to the respondent court requiring the issuance of a writ of execution upon a judgment in their favor. They also ask that a writ of prohibition issue to prevent the superior court from making an order dispensing with a bond on the appeal of Security Title Insurance and Guarantee Company from the judgment.

The petitioners are the plaintiffs in an action brought in the superior court against the Security corporation and others. They recovered a judgment and applied to the clerk of the court for a writ of execution thereon. The clerk refused to issue the writ, whereupon petitioners moved the court for an order requiring the clerk to do so. The motion was denied. At the same time the Security corporation made a motion for an order dispensing with an undertaking for the purpose of staying the execution of the judgment pending its appeal upon the ground that it is a trustee acting in another's right.

(Sec. 946, Code Civ. Proc.) The court took this motion under advisement and a decision upon it is now pending.

The controversy concerns certain money and property held by the Security corporation as the depositary under an indenture providing for the issuance by Mortgage Securities, Incorporated, of mortgage participation certificates against securities deposited with it. The petitioners, as owners of some of these certificates, after default, sued to recover the amounts due thereon, demanding, among other things, that the assets held by the Security company be charged with a lien therefor and that they have a personal judgment against the depositary on account of an alleged breach by it of the provisions of the trust indenture. They also challenged the validity of certificates issued to Jane V. Reinert.

The judgment in this action went in favor of the plaintiffs. It determines that they are the owners of certificates of a total par value of $77,833.74; that the certificates of Jane V. Reinert of a par value of $52,150 are void; that Mortgage Securities, Incorporated, and Security Title Insurance and Guarantee Company are "charged in favor of plaintiffs with the sum of $77,833.74 . . . and that this sum is due and owing . . . ". The judgment also gives the plaintiffs a lien upon all the trust assets in the possession of the depositary, "which liens are . . . prior and superior to any and all liens, interests or title which any other party or parties to this action may have or claim . . . " and that these liens shall be enforced by the application forthwith of $20,007.36 in the hands of the depositary, and that in case of refusal or failure of Security Title Insurance and Guarantee Company to pay this amount within ten days after the filing and entry of the judgment, any of the plaintiffs "may have execution against" it.

By other provisions of the judgment the plaintiffs' lien against the remainder of the cash, property or assets in the hands of the depositary may be enforced either by writ of execution and order of sale or by conversion into cash under the direction of the court, "payments out of said proceeds to be made from time to time as may be ordered by this court". Securities, real property and assets other than money are to be liquidated by the depositary within four years from the date upon which the judgment was filed, "or in such other

time as the court may hereafter on due notice prescribe''. If upon liquidation of the assets, the proceeds are insufficient to pay the several amounts found due and owing to the plaintiffs respectively, they are and each of them is entitled to have and recover from Mortgage Securities, Incorporated, and Security Title Insurance and Guarantee Company, jointly and severally, ''the amount of such deficiency and balance that may remain due and unpaid to each of them respectively'', and judgment shall be made and entered therefor. ''It is decreed by the court that execution shall issue only upon and pursuant to the order, or orders of this court. And that no such order or orders for execution shall be made by this court except upon noncompliance with any of the terms or provisions of this judgment for the period of twenty days or unless the security . . . deposited with the Depositary is insufficient to satisfy the judgment.''

It thus appears that the judgment orders the depositary to pay to the plaintiffs immediately $20,007.36 of the trust fund held by it, and holds it personally liable for a possible deficiency, the amount of which, if any, cannot now be determined. Security Title Insurance and Guarantee Company and Jane V. Reinert have each appealed from this judgment and the question for decision in the present proceeding concerns the rights of the parties pending the determination of these appeals.

Although an appeal from a judgment directing the payment of money does not stay the execution of the judgment or order unless an undertaking be filed in the form and amount required by the Code of Civil Procedure, ''the court below may in its discretion dispense with or limit the security required by this chapter, when the appellant is an executor, administrator, trustee or other person acting in another's right''. (Sec. 946.)  Clearly, in appealing from the judgment requiring it to pay to the plaintiffs $20,007.36 from the trust funds held by it, the Security company is acting in another's right. Conflicting claims to all of the trust assets, including this money, are now pending and undetermined. The depositary asserts no interest in these assets except for certain amounts claimed by it as fees earned in the administration of the trust and expenses of administration. It is

not concerned with the conflicting claims of the petitioners and Jane V. Reinert.

In this situation an order pursuant to the provisions of section 946 of the Code of Civil Procedure would be a proper one for the respondent judge to make. Ordinarily a trustee should not be required to pay out trust funds to which conflicting claims are pending and undetermined. (*Bank of America Nat. T. & S. Assn.* v. *Standard Oil Co.,* 10 Cal. (2d) 90 [73 Pac. (2d) 903] ; *Kentfield* v. *Kentfield,* 4 Cal. (2d) 585 [51 Pac. (2d) 94].) There is sound reason for such a rule. If the depositary in the present case now paid to the plaintiffs the $20,007.36 allowed them by the judgment and it is later reversed or modified on appeal, the depositary might be confronted with many practical difficulties in distributing the trust assets as the court might later require in a final determination of the controversy. ■ It is the duty of a court to preserve the *status quo*, and in the absence of any showing that a trustee is financially unsound or that trust assets may be dissipated before the final judgment, the trial court may well exercise the discretion given it by section 946 of the Code of Civil Procedure in favor of dispensing with a bond.

The case of *Halsted* v. *First Sav. Bank,* 173 Cal. 605 [160 Pac. 1075], is not at variance with the conclusions here reached. In that case a judgment was entered in favor of one of two conflicting claimants to a sum of money on deposit in the First Savings Bank. The unsuccessful claimant appealed and applied for a writ of *supersedeas* to restrain enforcement of the judgment pending appeal. The bank did not appeal, and this court granted a writ of *supersedeas* conditioned upon the filing of a bond by the appellant in twice the amount of the judgment. It is true that the opinion states : ''If the bank had appealed therefrom, it could have stayed enforcement of the judgment against it pending such appeal only by giving the stay bond provided by section 942 of the Code of Civil Procedure.'' However, that pronouncement is *dictum,* and the court appears to have overlooked the right of the lower court, under section 946 of the Code of Civil Procedure, to dispense with a bond in such a situation.

■ The personal judgment against the trustee stands in a different category and the trial court has no authority to dis-

pense with a bond to stay execution upon it. However, this judgment is one for an undetermined amount. The court ordered the trustee to liquidate the non-cash assets of the trust over a period of four years. The petitioners are given a first lien upon this fund, and in the event that it is insufficient to satisfy their claims in full, they are entitled to have recourse against the trustee personally for any deficiency. Obviously no execution can be issued upon that portion of the judgment at this time. An execution must refer to the judgment and state ''if it be for money the amount thereof, and the amount actually due thereon''. (Sec. 682, Code Civ. Proc.; *Bank of America Nat. T. & S. Assn.* v. *Standard Oil Co., supra.*) Only after the liquidation plan has been carried out and the court makes a further order fixing a deficiency for which the depositary is liable will the plaintiffs have a judgment upon which a writ of execution may issue.

It is, therefore, ordered that a writ of mandate issue commanding the respondent clerk to issue execution in favor of the plaintiffs and against Security Title Insurance and Guarantee Company in the amount of $20,007.36 unless prior to the service thereof the respondent judge has made an order dispensing with an undertaking on behalf of said corporation upon its appeal from said judgment. The petition for a writ of prohibition is denied.

Curtis, J., Langdon, J., Waste, C. J., Seawell, J., and Shenk, J., concurred.

Rehearing denied.