[Civ. No. 20746. Second Dist., Div. Three. Oct. 11, 1955.]

LOS ANGELES LOCAL JOINT EXECUTIVE BOARD OF CULINARY WORKERS AND BARTENDERS, A. F. OF L., Respondent, v. STAN'S DRIVE-INS, INC. (a Corporation), Appellant.

Max Fink, Cyrus Levinthal and Emmet G. Lavery, Jr., for Appellant.

Alexander H. Schullman for Respondent.

VALLÉE, J.—This is a companion case to *In the Matter of Arbitration between Los Angeles Local Joint Executive Board of Culinary Workers and Bartenders, A. F. of L.,* and *Stan's Drive-Ins, Inc., ante,* p. 89 [288 P.2d 286]. Arbitration was had with respect to wages of union employees of Stan's Drive-Ins, called Stan's, and with respect to a health and welfare fund created for such employees. An award was made. On petition to confirm, the court modified and corrected the award and confirmed it as modified and corrected. The modification and correction consisted in part in incorporating in the award a document labeled "Schedule A" which states the amount to be paid each day to various classes of employees employed by Stan's and the amount to be paid by Stan's into a health and welfare fund. Judgment was entered on the order.

After the court had made its order confirming the award as modified and corrected and judgment had been entered, and after Stan's had filed its notice of appeal therefrom, on motion of respondent the court on May 27, 1954, made an order that Stan's cause to be executed and filed with the court a written undertaking by two or more sureties in the sum of $25,000 conditioned for the performance of the "Judgment Order" confirming the award as modified and corrected "if such Judgment Order is affirmed or said appeal dismissed, said bond to be for the protection of all parties entitled to payments under and by virtue of said arbitration award and Judgment Order confirming the same as modified and corrected." Stan's appeals from that order.

The contention is that the trial court had no power, authority, or jurisdiction to order an appellant who is not seeking a stay of execution or a stay of proceedings in the trial court, to file an undertaking pursuant to the provisions of section 949 of the Code of Civil Procedure.

Section 949 of the Code of Civil Procedure provides:

"In cases not provided for in sections 942, 943, 944 and 945, the perfecting of an appeal stays proceedings in the court below upon the judgment or order appealed from; but the court in its discretion may require an undertaking in an amount to be fixed by it conditioned for the performance of the judgment or order appealed from if the same is affirmed or the appeal is dismissed; . . ." This is a case not provided for in sections 942-945. It is argued that prior to the trial court exercising its discretion under section 949 a stay of execution or proceedings must be sought by the appellant, and that the right to obtain a stay of execution and the resulting necessity for an undertaking are optional with the appellant.

■ The judgment is not for a definite, specific sum of money; it does not fix the amount due thereon or the identity of the persons to whom money is payable. (See Code Civ. Proc., § 682.) It adjudges that after January 15, 1953, Stan's shall pay unnamed persons in its employ in various classes the wages per day specified in "Schedule A" and pay 5 cents an hour for each hour worked and paid for beginning January 16, 1953, into the health and welfare fund as specified in "Schedule A." The judgment is not one upon which execution may issue. (*Bank of America* v. *Standard Oil Co.,* 10 Cal.2d 90, 93 [73 P.2d 903].) ■ Before execution can

issue, the judgment must be for money, and the amount due and the identity of the persons to whom payable must be fixed with exactness. (*McKay* v. *Coca-Cola Bottling Co.*, 110 Cal.App.2d 672, 677 [243 P.2d 35].)

■ Stan's appeal of its own force effected a stay of proceedings to enforce the judgment. (*Moon* v. *Superior Court*, 59 Cal.App.2d 447, 449 [139 P.2d 84].) Stan's could not deprive the court of power to require an undertaking. (*Cf. DeHaviland* v. *Warner Bros. Pictures, Inc.*, 67 Cal.App.2d 225, 234-236 [153 P.2d 983]; *Winklemen* v. *Sides*, 31 Cal. App.2d 387, 401-410 [88 P.2d 147].) The moment Stan's filed its notice of appeal, proceedings in the court below on the judgment were stayed. It could not thereafter affect the stay except by dismissing its appeal.

■ Where an appellant has money or other property in his possession or under his control which has been adjudged by, the lower court to belong to the respondent, or where the appellant is required to do some act for the benefit of the respondent or in pursuance of the judgment appealed from, an undertaking may be required. (See *Jensen* v. *Hugh Evans & Co.*, 13 Cal.2d 401, 406 [90 P.2d 72]; *Williams* v. *Wells Fargo Bank & Union Trust Co.*, 17 Cal.2d 104 [109 P.2d 649]; *Neusted* v. *Skernswell*, 69 Cal.App.2d 361 [159 P.2d 49]; *Loudon* v *Loudon*, 63 Cal.App. 204 [218 P. 442].)

It is argued that a trial court has no authority to fix the amount of an undertaking when the judgment is not for a definite sum of money and where there has been no determination that there is in fact any money due and owing. There is no such restriction in the statute. The statute contemplates that an undertaking may be required in cases where the appellant is adjudged to have money in its possession belonging to the respondent, or has been directed to do some act for the benefit of the respondent or in pursuance of the judgment. (*Moon* v. *Superior Court*, 59 Cal.App.2d 447 [139 P.2d 84].) This is such a case. ■ A judgment or order confirming an award when entered has the same force and effect, in all respects, as, and is subject to all the provisions of law relating to, a judgment in an action, and it may be enforced accordingly. (Code Civ. Proc., § 1292.) ■ The proceeding by the Union for confirmation of the award was representative for the benefit of all members of the Union who might be employed by Stan's after January 15, 1953. (See Code Civ. Proc., § 382.) The judgment or order when final will be *res judicata* for the class represented. (*Weaver*

v. *Pasadena Tournament of Roses,* 32 Cal.2d 833, 842 [198 P.2d 514].) The judgment adjudges that Stan's has money in its possession belonging to Stan's union employees represented by respondent and directs Stan's to do acts for the benefit of such employees. (*Cf. Feinberg* v. *One Doe Co.,* 14 Cal.2d 24 [92 P.2d 640].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied November 3, 1955, and appellant's petition for a hearing by the Supreme Court was denied December 8, 1955. Edmonds, J., Schauer, J., and Spence, J., were of the opinion that the petition should be granted.