[Civ. No. 22588. Second Dist., Div. Two. Nov. 25, 1957.]

PAM ALOHA DAMPIER, Respondent, v. FRANK MARION DAMPIER, Appellant.

Marvin Licker for Appellant.

Iverson & Hogoboom and Robert E. Mitchell for Respondent.

FOX, Acting P. J.—Defendant appeals from an order directing the issuance of a writ of execution.

Plaintiff secured an interlocutory decree of divorce which provided: "The defendant is ordered to make the monthly payments on the note at the Security-First National Bank, 14th and Wilshire Branch, Santa Monica, California, amounting to Fifty Dollars ($50.00) per month, and to pay the same until the indebtedness to said bank is completely liquidated."

In due course a final judgment was entered from which no appeal was taken.

Plaintiff made a motion for issuance of an execution based upon the above order. She supported her motion by her own affidavit and that of B. B. Bashore, an employee of the Security-First National Bank. Defendant filed an affidavit in which he stated, *inter alia,* that he. was not indebted to plaintiff. The affidavits on behalf of plaintiff disclosed that while plaintiff and defendant were living together as husband and wife they executed a promissory note to the bank for $740.70 covering a loan of money to them; that the note was secured by certain chattel mortgages; that after plaintiff secured the interlocutory decree, she alone executed a renewal note for the balance remaining unpaid in consideration of an extension of time, with the same chattel mortgage security; that thereafter the bank sold the property covered by two of the chattel mortgages, applied the net amount realized therefrom on the indebtedness, and determined that the security represented by the third chattel mortgage was

valueless; that after such credits plaintiff entered into a stipulated judgment with the bank for $513.66 and agreed to make monthly payments thereon until fully paid; and that plaintiff had never received any payment from defendant on account of the provision quoted above from the interlocutory decree. Execution was ordered issued "in the sum of $515.66."

■ Section 681, Code of Civil Procedure, provides that "The party in whose favor judgment is given may . . . have a writ or order issued for the execution or enforcement of the judgment." Relying on this statute defendant contends that the writ was improperly issued on the theory that the judgment is not in plaintiff's favor. In making this contention defendant overlooks the obvious fact that the only judgment rendered in this case was in favor of plaintiff—not in favor of anyone else. The provision in the judgment directing defendant to make the payments on the note to the bank was for plaintiff's benefit because she was obligated to pay such indebtedness. It may therefore properly be said that the judgment was in her favor.

■ But "[b]efore execution can issue, the judgment must be for money, and the amount due and the identity of the persons to whom payable must be fixed with exactness." (*Los Angeles Local etc. Board* v. *Stan's Drive-Ins, Inc.*, 136 Cal.App.2d 95, 97-98 [288 P.2d 291]. To the same effect see *Bank of America* v. *Standard Oil Co.*, 10 Cal.2d 90, 93-94 [73 P.2d 903]; *McKay* v. *Coca-Cola Bottling Co.*, 110 Cal. App.2d 672, 677 [243 P.2d 35], and *Feldmeier* v. *Superior Court*, 12 Cal.2d 302, 307 [83 P.2d 929, 119 A.L.R. 927].)

■ The judgment here does not order payment to plaintiff and the amount required to be paid cannot be ascertained therefrom. Plainly, the judgment referred to an existing obligation in favor of the bank. The affidavits disclose that the original note was a joint obligation of the parties for $740.70 and was secured by chattel mortgages on two automobiles and on their furniture. It does not appear what amount was due when the judgment was rendered. The chattel mortgages on the automobiles were foreclosed and the net proceeds therefrom in the amount of $110 were applied on the loan. The chattel mortgage on the furniture was not foreclosed because the security was considered valueless. Thereafter plaintiff entered into a stipulated judgment with the bank for $513.66, payable in monthly installments; the execution was for this amount plus $2.00. This is not the note defendant was ordered to pay. And it cannot be deter-

mined from the judgment the amount he is called upon to pay. It was therefore improper to issue the writ of execution. (*McKay* v. *Coca-Cola Bottling Co., supra*; *Bank of America* v. *Standard Oil Co., supra.*)

If plaintiff desires to proceed further in this matter by way of execution it will be necessary first for her to secure a modification of the judgment showing the amount thereof in her favor. (See *Feldmeier* v. *Superior Court, supra.*)

The order is reversed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.