[Civ. No. 24627.   Second Dist., Div. Two.   June 2, 1960.]

DONALD R. BERG, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CAROL D. BERG, Real Party in Interest.

LeSage & Bowman for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Dryer, Hails, Burris & Lagerlof for Real Party in Interest.

KINCAID, J. pro tem.*—Petitioner, Donald R. Berg, applies for a writ of prohibition to restrain the respondent court from taking any further proceedings based upon the motion of Carol D. Berg, the real party in interest, for issuance of writ of execution in the sum of $5,097.97, or any other sum, against petitioner based on the interlocutory judgment of divorce in that certain superior court action entitled *Carol D. Berg,* plaintiff v. *Donald R. Berg,* defendant, Pasadena No. D-16791.

This motion for issuance of writ of execution came on for hearing, additional evidence was received and the court indicated its intention to issue such writ by a date certain. It is the contention of petitioner that the said court is acting and will act without or in excess of its jurisdiction in ordering issuance of such writ and that he has no plain, speedy and adequate remedy in the ordinary course of the law. Real party in interest contends that the remedy by appeal is adequate. ▉ While an appeal might be taken from the order in question, being one made after judgment, no purpose but delay would be served, to the prejudice and expense of the parties, by refusing to decide the jurisdictional question at this time. Under such circumstances as are here shown a writ of prohibition is a proper remedy. (*Hagan* v. *Superior Court,* 53 Cal.2d 498, 501, 502 [2 Cal.Rptr. 288, 348 P.2d 896] ; *City & County of San Francisco* v. *Superior Court,* 53 Cal.2d 236, 243 [1 Cal.Rptr. 158, 347 P.2d 294] ; *Dell* v. *Superior Court,* 53 Cal.App. 436, 439 [200 P. 85].)

For the reasons hereinafter indicated the superior court is without jurisdiction to order issuance of the said writ of execution.

The interlocutory judgment, upon which execution is sought, is one for divorce which incorporated *in haec verba* a property settlement agreement of the parties. The provisions thereof which Carol contends entitled her to levy writ of execution against petitioner Donald are as follows: "V. *Com-*

*Assigned by Chairman of Judicial Council.

*munity Property*: The parties hereto agree that they are now possessed of the following property, which is the community property of the aforesaid marriage: . . . (g) An equitable interest in the real property in which the parties hereto presently reside, located at 3830 Landfair Road, Pasadena, California. . . . VIII. *Division of Community Property*: . . . (c) The parties hereto hereby agree that wife shall be permitted to remain in the residence located at 3830 Landfair Road, Pasadena, until such time as husband's parents shall decide to sell the said residence. Until such sale is consummated, wife shall pay to the parents of husband the sum of $90.00 per month on the 15th day of each month, commencing with October, 1957, which sum shall be applied by husband's parents to reduce the principal and interest due on said residence and to pay taxes and insurance on said residence. When it is determined by husband's parents that said residence shall be sold, and a sale is consummated, the proceeds therefrom shall be applied first to pay any balance due husband's parents on principal and interest of the financing of said residence and secondly, the balance of said proceeds shall be divided equally between husband and wife.'' The judgment further provided: ''Each party is hereby ordered to carry out the executory provisions of such Property Settlement Agreement.''

It is undisputed by the parties that at all times in question fee title to the Landfair Road residence was in the parents of Donald; that they were not parties to said divorce action or the property settlement agreement made a part of the judgment therein; that they have at all times refused to be bound thereby or to recognize any obligation to pay any of the proceeds from the sale of said property either to Donald or Carol nor, following the sale have any of such proceeds been paid to either of them.

Carol contends that, notwithstanding petitioner's parents were never made parties to the property settlement agreement or the divorce action, the judgment requires Donald ''to carry out the executory provisions of such . . . Agreement'' to the extent that he is obligated to pay her a sum equivalent to one-half the net proceeds derived by his parents from sale of the residence in question. Even though no part of the proceeds of such sale have been offered or paid to petitioner it is argued that, because petitioner has an amicable relationship with his parents they would pay him

such net proceeds if he so requested; that the court therefore had a right to take evidence as to a formula to determine what the parties would have been entitled to receive had the parents voluntarily turned such net proceeds over to them and, having so determined, to order writ of execution as against petitioner for Carol's one-half. The court found these contentions to be valid, received evidence as to and adopted the proposed formula with writ of execution to follow.

The court is without jurisdiction to order issuance of such writ as there exists no judgment requiring the payment of money by Donald to Carol. (Code Civ. Proc., § 682; *Bank of America* v. *Standard Oil Co.,* 10 Cal.2d 90, 94 [73 P.2d 903] ; *Feldmeier* v. *Superior Court,* 12 Cal.2d 302, 307 [83 P.2d 929, 119 A.L.R. 927].) Before an execution can properly issue the judgment must be for money and the amount due and the persons to whom payable must be determined with exactness. (*Los Angeles Local etc. Bartenders, A.F.L.* v. *Stan's Drive-Ins, Inc.,* 136 Cal.App.2d 95, 97-98 [288 P.2d 291] ; *McKay* v. *Coca-Cola Bottling Co.,* 110 Cal.App.2d 672, 677 [243 P.2d 35].)

Through the provisions of the property settlement agreement, incorporated into the judgment, the parties attempted to bind the parents of petitioner, without their knowledge or approval, to pay to such parties in equal shares, the net proceeds remaining from the sale of the property, following retention by the parents of a sum equivalent to their total investment therein.

While not binding upon, or obligating the parents whatsoever, this clause of the agreement at the most gives both Carol and Donald a purported right to receive the balance of said proceeds divided equally between them. It does not create any right or obligation on the part of either party to recover from the other.

We are not here confronted with a factual situation wherein one of the parties has been paid all or part of the net proceeds of the sale by the parents, thereby possibly creating equitable or legal obligations to the other. Their right to receive such proceeds, if and when paid by the parents, is based by terms of the judgment on equal parity, and neither is presently entitled to execute upon the judgment as against the other.

Let a peremptory writ of prohibition issue restraining the Superior Court of the State of California, in and for the

County of Los Angeles, from any further proceedings based upon the motion for issuance of a writ of execution in the action entitled *Carol D. Berg,* plaintiff v. *Donald R. Berg,* defendant, being action Pasadena No. D-16791, except to deny the prayed for relief.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied June 20, 1960, and the petition of the real party in interest for a hearing by the Supreme Court was denied July 27, 1960.