[Civ. No. 52983. Second Dist., Div. Four. Dec. 18, 1978.]

MARGARET HARTE, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

## COUNSEL

Godfrey Isaac and Lawrence Jay Kraines for Plaintiff and Appellant.

John H. Larson, County Counsel, William F. Stewart and Joe Ben Hudgens, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiff was reduced in rank in her employment as a nurse by the County of Los Angeles and, because there was no vacancy in the new rank, was laid off. After extensive litigation, she recovered judgment ordering her reinstatement "with full back pay, rights, privileges and benefits from the date of her wrongful reduction, including but not limited to seniority, retirement and pension benefits." Because of a dispute as to the dollar amount that the county was required to pay under that judgment, a further hearing was held before the same judge as had made the judgment. That proceeding resulted in an order which spelled out, in partial detail,[1] the amount involved. We set out the pertinent portions of that order in an appendix to this opinion. On this appeal by plaintiff from that order, the parties argue only the provisions in paragraph 1 requiring plaintiff to give a credit for the amounts earned by her in private employment during the period of her lay-off. We affirm the order.

Because of the final provision in the order, directing that it be made retroactively effective as of the date of the judgment, both parties have discussed, elaborately, the cases involving the power of a trial court to make nunc pro tunc revisions of a judgment. Those cases are not here material. As originally drawn, the judgment patently was ineffective to allow plaintiff to secure a writ of execution; clearly a new proceeding was

---

[1]Probably because the proceeding was in aid of plaintiff's attempt to secure a writ of execution, the order determines dollar amounts only for the money that is directly payable to plaintiff, still leaving uncertain the amounts to be paid by the county under paragraphs 4 and 5 of the order. No complaint is made here of that fact.

required to fix the dollar amount to be inserted in such a writ. The proceeding herein involved was a proper proceeding to make the judgment enforceable in that regard.

In the proceeding resulting in the order now attacked it was necessary for the trial court to ascertain, among other things, the dollar amount of back pay to which plaintiff was entitled. In performing that duty, the court was not restricted to a mere determination of the number of days involved, but to the pay provisions under which plaintiff was employed. (*Markman* v. *County of Los Angeles* (1973) 35 Cal.App.3d 132 [110 Cal.Rptr. 610].) Among those provisions was the section of the county salary ordinance calling for credit to the county for outside income. The trial court properly considered that part of the ordinance and gave to plaintiff only the net amount to which the ordinance, as a whole, entitled her.

The order is affirmed.

Jefferson (Bernard), J., and Alarcon, J., concurred.

A petition for a rehearing was denied January 2, 1979, and appellant's petition for a hearing by the Supreme Court was denied February 14, 1979.