656 P.2d 144

OPERATING ENGINEERS LOCAL UNION 370, Laborers Local Union 276, Plasterers and Cement Masons Local Union 501, Carpenters Local Union 1258, and Teamsters Local Union 983, Plaintiffs-Appellants,

v.

GOODWIN CONSTRUCTION CO. OF BLACKFOOT, Defendant-Respondent.

No. 13477.

Court of Appeals of Idaho.

Dec. 30, 1982.

Lloyd J. Webb, Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for plaintiffs-appellants.

Earl Blower and Dennis M. Olsen, Peterson, Moss & Olsen, Idaho Falls, for defendant-respondent.

SWANSTROM, Judge.

This appeal concerns the validity of a writ of execution issued after entry of a judgment awarding "costs" to Goodwin Construction Company. The amount of the writ was based on a memorandum of costs (including attorney fees) to which no timely objection had been made. The judgment had not mentioned that attorney fees would be allowed, and no subsequent order had been entered fixing the amount of "costs" awarded.

The case began in 1976, when the unions filed a complaint against the company alleging a breach of certain labor agreements. In December, 1976, upon motion by the company, the court granted summary judgment against the unions. The order granting summary judgment recited that "judgment be entered herein in the [company's] favor dismissing this action with costs and disbursements to be taxed by the clerk, in favor of the [company] and against the [unions]." The judgment, entered the same date as the order, stated "that the action be dismissed on the merits with prejudice, and that [the company] recover its costs." The company filed a memorandum of costs with the clerk, seeking recovery of $2,154 as attorney fees under I.C. § 12–121 and other costs of $121. The memorandum was duly served upon the unions' attorneys. The unions did not file any objection within ten days to any of the items listed in the memorandum, as required by I.R.C.P. 54(d)(6), and the district court apparently did not review the memorandum.[1] The unions filed a notice of appeal from the judgment; however, that appeal later was dismissed by the Supreme Court for reasons unrelated to the issues now before us.

The case remained dormant for more than a year after the appeal was dismissed, but it erupted when the company obtained a writ of execution to recover the costs awarded in the original judgment, including the attorney fees listed in the memorandum of costs. The district court denied the unions' motion to quash the writ, holding that the unions had waived any right to contest the memorandum by failing to object within the time provided by I.R.C.P. 54(d)(6). The court determined that in the absence of a timely objection, the attorney fee amount in the cost bill must stand.

In this appeal the unions raise two basic issues. First, they contend that an award of attorney fees in this case would be inappropriate. Second, they argue that the writ of execution was not properly issued because the original judgment awarded "costs" but did not specify the amount awarded, and made no mention of attorney fees. The unions contend that before a writ of execution may issue, a judgment for money must specify the exact amount of recovery, or at least provide a formula for calculating the exact amount.

The unions advance various arguments why attorney fees cannot be awarded in the circumstances of this case. They assert that, at times relevant to this case, an attorney fee could not properly be made in

---

1. I.R.C.P. 54(d)(1)(D) provides in part as follows:

In the absence of any objection to such an item of discretionary costs, the court may disallow on its own motion any such items of discretionary costs and shall make express findings supporting such disallowance. [Effective October 1, 1976.]

the absence of pleadings requesting such an award. They likewise contend that there could not be an award of fees without a hearing or determination by the district court. Their basic objection, however, is simply that they were required to pay attorney fees when the judgment made no mention of fees, but stated only that the company could recover its "costs." [2]

■ We need not address these arguments on their merits. We believe the district court correctly decided that the unions waived their right to object to inclusion of attorney fees in the memorandum of costs. I.R.C.P. 54(d)(6), as amended in 1976, states:

Any party may object to the claimed costs of another party set forth in a memorandum of costs by filing and serving on adverse parties a motion to disallow part or all of such costs within 10 days of service of the memorandum of cost. Such motion shall not stay execution on the judgment, exclusive of costs, and shall be heard and determined by the court as other motions under these rules. Failure to timely object to the items in the memorandum of costs shall constitute a waiver of all objections to the costs claimed.

The rule is designed to establish a deadline for informing the court of any objection to items claimed in the memorandum of costs. It enables the trial court expeditiously to rule upon such objections and bring the case to a conclusion. In view of this purpose, we see no reason why there should be an exception to the waiver provisions for those items in the memorandum of costs which relate to attorney fees. We conclude the district court did not err in holding that the unions waived their objections to attorney fees in this case. *Compare Jensen v. Shank,* 99 Idaho 565, 585 P.2d 1276 (1978); *Conner v. Dake,* 103 Idaho 76, 653 P.2d 1173 (1982).

■ However, the waiver of objections does not detract from the trial court's responsibility to exercise sound discretion in

ruling upon requests for attorney fees under I.C. § 12–121 and for discretionary costs under Rule 54(d)(1)(D). Accordingly, although the unions waived their right to take exception to the memorandum of costs, it does not follow that the memorandum of costs was deemed approved in its entirety and that a writ of execution could be issued thereon. We agree with the unions' contention that before a writ of execution may issue on a money judgment, the court, by judgment or supplemental order, must fix the amount of recovery. Because the court in this case neither fixed the amount of costs in the judgment itself, nor entered a separate order fixing the amount of costs, a writ of execution for the costs should not have issued.

Idaho Code § 11–102 states in part:

The writ of execution must be issued in the name of the people, sealed with the seal of the court, and subscribed by the clerk, and be directed to the sheriff, and it must intelligently refer to the judgment, stating the court, the county where the judgment roll is filed, and *if it be for money, the amount thereof and the money actually due thereon....* [Emphasis added.]

This statutory directive, that a writ of execution identify the judgment and "the amount thereof," implicitly requires that the judgment itself state an amount or set forth the method by which an amount can be ascertained. When there exists no judgment (or supplemental order) satisfying this requirement, a writ of execution cannot be issued in compliance with the statute.

Our view of I.C. § 11–102 is the same as that adopted by the California courts in construing the identical language of California Code of Civil Procedure § 682. See *Berg v. Superior Court in and for the County of Los Angeles,* 181 Cal.App.2d 565, 5 Cal.Rptr. 324, 326 (1960); *McKay v. Coca-Cola Bottling Co. of Santa Barbara,* 110 Cal.App.2d 672, 243 P.2d 35, 38 (1952);

**2.** The unions' contentions have been addressed, in large measure, by the adoption in 1979 of I.R.C.P. 54(e)(4), 54(e)(5), and 54(e)(6). These

rules, however, were not in effect when judgment was entered and the memorandum of costs was filed in this case.

*Bank of America National Trust & Savings Ass'n. v. Standard Oil Co. of California,* 10 Cal.2d 90, 73 P.2d 903, 905 (1937); *see also Harte v. County of Los Angeles,* 87 Cal. App.3d 419, 151 Cal.Rptr. 88 (1979). Moreover, in *Bank of America, supra,* the California Supreme Court held that submission of an ex parte affidavit specifying the amount did not correct the deficiency in the judgment or give the lower court authority, which it otherwise lacked, to issue the writ.

We hold that before a writ of execution can issue on a money judgment, I.C. § 11–102 requires that an order or the judgment specify the amount of recovery, or set forth a method by which the exact amount can be determined. In this case the judgment simply stated that "the defendant recover its costs." The fact that the company submitted a memorandum of costs—an ex parte affidavit—specifying an amount which it claimed was due, did not cure the deficiency.

The company argues that, absent objection by the unions, the "dollar figure set forth in the memorandum of costs became part of the judgment upon which execution appropriately issued." The company, however, cites no authority to support this proposition, and we have found none.

The company also contends that the Idaho Rules of Civil Procedure do not require a judgment to fix the amount of costs before a writ of execution may issue to enforce the judgment. This contention is correct, as far as it goes. I.R.C.P. 54(d)(5) allows a party to whom the judgment awards costs ten days after the judgment is entered to file a memorandum of costs, and Rule 58(a) provides that the "entry of the judgment shall not be delayed for the taxing of costs." However, this case does not involve execution for a sum determined in the judgment. It involves an attempt to execute for an amount not fixed by the judgment. In our discussion of I.C. § 11–102 we have said that the amount of costs to be recovered, or a method of ascertaining the amount, must be set forth either in the judgment or in a supplemental order. We perceive no conflict between this interpretation of the stat-

ute and the application of Rules 54(d)(5) and 58(a).

In the typical situation where the judgment awards costs and the prevailing party files a memorandum of costs seeking attorney fees, the losing party will file an objection if he has one. The court must then follow the procedure outlined in Rule 54(d)(6), determine which of the items claimed will be allowed, and decide the amount of the award. After making this decision, the court can enter a supplemental order stating the precise amount awarded. *See e.g., St. John v. O'Reilly,* 80 Idaho 429, 333 P.2d 467 (1958). In the less typical case, where the losing party does not object to the cost bill, the court can on its own initiative review the memorandum, as provided in Rule 54(d)(1)(D), n. 2, *supra,* and make the same determinations. If the court neglects to review the memorandum and fix the amount of costs, as in this case, the prevailing party can simply submit a proposed order fixing costs (and attorney fees, where applicable) and request the court to enter the order. This request can be made without notice to the losing party because objections are deemed waived under 54(d)(6).

However, in all events, the order entered by the court must reflect the judge's exercise of discretion as to those items which relate to attorney fees under I.C. § 12–121 and to discretionary costs under Rule 54(d)(1)(D). Such awards do not become automatic simply because they are claimed and the opposing party fails to object. Of course, the judge may take the lack of objection into consideration as a factor in exercising his discretion.

The order denying the unions' motion to quash the writ of execution is therefore reversed. On remand the district court is free, upon its own initiative, pursuant to Rule 54(d)(1)(D), to review the memorandum of costs, to determine whether any discretionary costs or attorney fees should be awarded, and to fix the amount. Accordingly, if and when the court enters an order fixing the amount of costs awarded, including attorney fees (if any), the compa-

ny can seek another writ of execution to collect the amount so awarded.

No attorney fees or costs on appeal.

WALTERS, C.J., and BURNETT, J., concur.