(January 15, 1921.)

## MERCHANTS' PROTECTIVE ASSOCIATION, a Corporation, Respondent, v. S. JACOBSON, Doing Business Under the Firm Name and Style of GLENN'S FERRY MERCANTILE COMPANY, Appellant.

[195 Pac. 89.]

VACATING VERDICT AND GRANTING NEW TRIAL ON COURT'S OWN MOTION—INSTRUCTIONS—EVIDENCE.

To authorize a district court to set aside a verdict and grant a new trial on its own motion under C. S., sec. 6893, it must appear plainly and palpably that the jury disregarded either the evidence or the instructions of the court.

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. James R. Bothwell, Judge.

Action on account. From an order of the court setting aside the verdict of the jury and granting a new trial on its own motion, defendant appeals. *Reversed and remanded.*

W. C. Howie, Charles Stout and Chas. M. Kahn, for Appellant, cite no authorities on point decided.

T. Bailey Lee, for Respondent.

Trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused. (*Say v. Hodgin,* 20 Ida. 64, 116 Pac. 410; *Cox v. Cox,* 22 Ida. 692, 127 Pac. 679; *Baillie v. City of Wallace,* 22 Ida. 710, 127 Pac. 908.)

McCARTHY, J.—The trial court granted a new trial on its own motion, on the ground that there had been a plain disregard by the jury of the instructions of the court in such a way as to satisfy the court that the verdict was ren-

dered under a misapprehension of the instructions and under the influence of passion and prejudice. This was done under the following provision of C. S., sec. 6893:

"The verdict of a jury may also be vacated and a new trial granted by the court in which the action is pending, on its own motion, without the application of either of the parties when there has been such a plain disregard by the jury of the instructions of the court, or the evidence in the case, as, to satisfy the court that the verdict was rendered under a misapprehension of such instructions or under the influence of passion or prejudice. . . . . "

In order to justify a district court in setting aside a verdict on its own motion, it must appear plainly and palpably that the jury disregarded either the evidence or the instructions of the court. The court has this power only where the error of the jury is such as to be at once apparent. (*Townley v. Adams,* 118 Cal. 382, 50 Pac. 550; *Mizener v. Bradbury,* 128 Cal. 340, 60 Pac. 928; *Gould v. Duluth etc. Co.,* 2 N. D. 216, 50 N. W. 969.) Such cannot be the case where the court's instructions leave the jury a free agent to find the facts one way or the other. (*Eades v. Trowbridge,* 143 Cal. 25, 76 Pac. 714.) Where a court has granted a new trial on its own motion, on a ground not authorized by the statute, the order will not be reversed if, on careful inspection of the record, it may be seen that the order may be supported on valid grounds. (*Townley v. Adams, supra.*) The above decisions construe statutes similar to our own in all material respects.

In the present case, on conflicting evidence, the trial court submitted to the jury, by its instructions, all the issues raised by the pleadings. It does not appear plainly and palpably that the jury disregarded either the evidence or the instructions of the court. Therefore, the action of the court in granting a new trial on its own motion was not warranted. The question as to when a new trial should be granted on motion of a party, under the provisions of C. S., sec. 6888, is not involved in this case, and the decisions of this court construing that section are not in point.

The order of the trial court granting a new trial on its own motion is reversed, and the cause remanded for further proceedings in conformity with this opinion.    Costs awarded to appellant.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.