195 P.2d 337

### STEARNS v. STROM.

No. 7369.

Supreme Court of Idaho.

June 23, 1948.

W. J. Nixon, of Bonners Ferry, Wm. S. Hawkins, of Coeur d'Alene, and John Carl Mundt and T. R. Johnson, both of Sioux Falls, S. D., for respondent.

W. F. McNaughton, of Coeur d'Alene, and Bandelin & Bandelin, of Sandpoint, for appellant.

GIVENS, Chief Justice.

Respondent brought suit against appellant on a money judgment for damages for alienation of affections previously obtained in South Dakota by respondent's intestate against appellant.

At the conclusion of respondent's presentation of evidence at the trial of the case, appellant moved for a nonsuit because the purported authenticated certificate of respondent's appointment as Special Administrator did not comply with Section 15-366, I.C.A., in that it was not shown that the Letters of Administration had not been revoked. In other words, there was a total lack of showing that respondent was qualified at the time to institute and prosecute this action.

At the same time respondent moved for a continuance, ostensibly indicating he was willing to submit to the imposition of terms as a condition precedent. The record does not disclose the motion for continuance was disposed of otherwise than by the ruling that the motion for nonsuit would be "granted without prejudice." The ensuing judgment likewise provided "that the above entitled action be dismissed without prejudice."

Section 7-705, I.C.A., provides a dismissal by the court upon motion of the defendant, when the plaintiff fails to prove a sufficient case to entitle him to a judgment, is a bar to another action upon the same cause of action.

Appellant has appealed from only that portion of the judgment dismissing the action "without prejudice."

An appeal may be taken from a portion of a judgment under Section 11-202, I.C.A., if the judgment is separable. Blaine County Investment Company v. Mays, 52 Idaho 381 at page 385, 15 P.2d 734, wherein the court cited with approval 8 Bancroft's Code Practice, Section 6267, page 8325, which thus states the general doctrine, page 8326:

"The rule, however, is subject to the limitation that the part of a judgment from which an appeal is taken must be separable from the remainder, or, in other words, the part whereby the appellant is aggrieved must be so far distant and independent that it may be adjudicated on appeal without bringing up for review the entire judgment or order. Unless the part of the judgment appealed from is separate and distinct from the other issues with which the judgment deals, there is an objection in limine in that the statute directs the appellate court to affirm, modify or reverse the judgment of the trial court, or to order a new trial, and this provision cannot be obeyed while a portion of the case remains in the trial court; in such case, therefore, an appeal from part of the judgment will be dismissed. This rule is also based on the

principle that one may not accept a benefit under the judgment, and appeal from another part which is unfavorable to him. Where, however, the benefit is one to which the party is absolutely entitled, he may accept it and appeal from the portion of the judgment adverse to him."

This limitation is well recognized. Cottier v. Sullivan, 47 Wyo. 72, 31 P.2d 675 at page 677; Wills v. Morris, 100 Mont. 504, 50 P. 2d 858 at page 860; State v. Todd, 117 Mont. 80, 158 P.2d 299 at page 300; In re Kesl's Estate, 117 Mont. 377, 161 P.2d 641 at page 643; F. E. Warren Mercantile Co. v. Myers, 48 Wyo. 232, 45 P.2d 5; Cronin v. Gager-Crawford Co., 128 Conn. 401, 23 A.2d 149; 4 C.J.S., Appeal and Error, page 204, § 109.

Conceding the judgment as entered was erroneous as attempting to grant a nonsuit without prejudice, it is not separable, as it is apparent the court did not intend to grant a nonsuit as an absolute bar. We cannot give effect to the judgment as entered because erroneous, and cannot give effect to either portion without doing violence to the other. The two portions of this judgment, therefore, are so interdependent that the entire judgment is nullified and rendered nugatory. New Cache La Poudre Irr. Co. v. Water Supply & S. Co., 29 Colo. 469, 68 P. 781; Fuqua v. Watson, 172 Okl. 624, 46 P.2d 486; People v. Roath, 64 Cal.App.2d 835, 144 P.2d 648; Robinson v. Puls, 28 Cal.2d 664, 171 P.2d 430.

The judgment is therefore reversed, and the cause remanded for further appropriate action. Costs awarded to appellant.

HOLDEN and HYATT, JJ., concur.

BUDGE, Justice (dissenting).

When the plaintiff rested he had failed to prove facts sufficient to entitle him to recover, in this, that he did not prove that plaintiff, administrator, in whose name the action was brought, was the duly qualified and acting administrator. Sec. 15-366, I.C.A. Having failed to prove facts sufficient to entitle him to any recovery, defendant interposed a motion for nonsuit. The statute specifically provides that a dismissal by the court upon motion of the defendant, when the plaintiff fails to prove a sufficient case to entitle him to a judgment, is a bar to another action upon the same cause of action. Sec. 7-705, subsec. 5, I.C.A. The insertion in the judgment of the words "without prejudice" was unwarranted under the statute, without force or effect, and purely surplusage.

It will be noticed that appellant absolutely restricts his appeal to the two words added at the end of the judgment of nonsuit, namely, "without prejudice." Appellant has no right of appeal from that part of the judgment, because it was no part of a valid judgment.

The record is anything but clear as to just what happened. Respondent, plaintiff

below, learned near the conclusion of the trial that the certificate of appointment as special administrator did not comply with sec. 15-366, I.C.A. In other words, the certificate did not show that the letters of administration had not been revoked, or the bond of said administrator had not lapsed, or some act had intervened whereby he had ceased to be special administrator and, therefore, not qualified to maintain the action. In this predicament counsel for respondent, in effect, asked the court for further time within which to obtain and submit competent evidence to establish the qualifications of the administrator to maintain the action. No order for continuance was granted, but the court, in which the power rested, granted a motion for nonsuit under the provisions of sec. 7-705, subsec. 5, I.C.A., and dismissed the action. The court had a question of law squarely presented to it, and ruled upon the question by granting the motion for nonsuit, thus creating a bar to another action upon the same cause of action.

I appreciate that under the old practice the granting of a nonsuit without prejudice did not operate as a bar to another action upon the same cause of action, but sec. 6830, C.S., [now sec. 7-705, I.C.A.] was amended by Chap. 13, Sess.Laws, 1931, changing the statute to its present form.

In discussing a statute of similar import as sec. 7-705, supra, the Supreme Court of Washington, in Dunkle v. Spokane Falls & N. Ry. Co., 20 Wash. 254, 55 P. 51,

discussed the reason that justified a change in the old practice.

From what has been said this appeal should be dismissed.

I am authorized to say that MILLER, J., concurs in this dissent.