333 P.2d 467

Sam ST. JOHN, Plaintiff-Respondent,

v.

Dick O'REILLY and Russel Bailey d/b/a O'Reilly and Bailey, Defendants-Appellants.

No. 8669.

Supreme Court of Idaho.

Dec. 3, 1958.

J. H. Felton, Warren Felton, Lewiston, for appellants.

Felton & Bielenberg, Moscow, for respondent.

SMITH, Justice.

Respondent seeks to recover wages for services rendered appellants and to recover penalty and costs, as provided by Idaho Code, Title 45, chap. 6.

The trial court entered judgment in favor of respondent for $543.74 wages and $50 penalty, totaling $593.74, as found by the jury, together with respondent's "costs and disbursements incurred in this action."

Respondent duly filed his cost bill which included attorneys' fees. The court, after overruling appellants' objections to, and denying their motion to strike portions of, the cost bill, entered its order adjudging and decreeing the sum of $350 as respondent's reasonable attorneys' fees and directed the clerk to tax the same together with certain other costs. Appellants appealed from such order made after judgment.

Appellants assign error of the trial court in awarding attorneys' fees in favor of respondent. Appellants contend that respondent failed to recover the amount of wages for which he brought action, and therefore is not entitled to attorneys' fees, citing I.C., § 45–605, which reads:

"Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his employment, and shall establish by decision of the court or verdict of the jury, that the amount for which he has brought suit is justly due, and that a demand has been made, in writing, at least five days before suit was brought, for a sum not to exceed the amount so found due, it shall be the duty of the court before which the case shall be tried to allow to the plaintiff a reasonable attorney's fee, in addition to the amount found due for wages, to be taxed as costs of suit."

Respondent in his complaint alleges that, for his services rendered in operating a log loading device at an agreed rate of $1 per 1,000 board feet, appellants owed him $693. He also alleges demand for payment more than five days prior to commencement of the action and his entitlement to attorneys' fees.

Respondent then alleges that, after demanding payment of his wages and prior to suit, appellants tendered him the sum of $397.52, less legal deductions, for income [withholding] and Federal Insurance Contribution Act [social security], employee taxes, leaving a net amount of $333.14, which respondent refused.

The record before us contains Jury Instruction No. 15, given by the trial court on its own motion. The instruction indicates an existent dispute as to respondent's rate of pay, i. e., whether appellants had agreed to pay respondent $1 or 50¢ per 1,000 board feet for 950,670 board feet of logs handled; that if the rate be found at 50¢ per 1,000 board feet, respondent would be entitled to recover $191.43, but at the rate of $1 per 1,000 board feet, he would be entitled to recover $543.74, as wages due.

The jury found that respondent was entitled to recovery of the net amount of $543.74 wages.

The transcript before us indicates no amounts of, or basis of figuring, the deductions from respondent's earnings as contributions under F.I.C.A. [social security] and as income [withholding] tax payable by appellants, employer, to state and federal agencies for the use and benefit of respondent. However, at the argument of this case, appellants' counsel admitted that one of the appellants and the trial judge computed those items; and respondent's counsel developed that the computations were based upon respondent's gross earnings of $726.87. The record fails to show any objections on the part of either party to such procedure.

Neither party having challenged the correctness of the amount of respondent's

earned wages involved, it is thus clear that respondent's theory attains, that the suit is for the gross amount of respondent's earnings, subject to the legal deductions hereinbefore mentioned. Further, neither party challenged the correctness of Jury Instruction No. 15, which as counsel developed instructed the jury to find the amount of earned wages on one or the other disputed wage basis less the legal deductions hereinbefore referred to.

Appellants' tender to respondent of net wages of $333.14 based upon wages earned of $397.52 less the legal deductions herein before mentioned, is considerably less than the amount of $543.74 found due as respondent's net wages. Respondent having had occasion to bring this suit for recovery of his wages earned and due according to the terms of his employment; and having established that the amount for which he brought suit is justly due less the legal deductions, and that he made due demand for a sum not to exceed the amount found due less the legal deductions, respondent therefore became entitled to recovery of attorneys' fees "to be taxed as costs of suit." I.C., § 45–605; Lindsey v. McCatron, 78 Idaho 211, 299 P.2d 496.

Marrs v. Oregon Short Line R. Co., 33 Idaho 785, 198 P. 468, urged by appellants, is distinguishable from the case at bar for the aforesaid reasons.

Appellants contend that the judgment without costs had become final, because of lapse of the 60-day appeal period, before entry of the order after judgment fixing and allowing respondent's attorneys' fees, and because of expiration of the term during which the judgment was rendered.

The judgment, entered December 4, 1957, provides for respondent's recovery of "his costs and disbursements incurred in this action." Respondent filed his cost bill December 6, 1957, which appellants attacked December 10, 1957, by their objections and motion to strike. The hearing thereon was noticed December 18, 1957, and thereafter the parties furnished the trial court with briefs. The term of court expired January 13, 1958, while the matter still was pending. The trial court, February 7, 1958, made the order after judgment fixing respondent's attorneys' fees and directing the clerk to tax certain costs shown by respondent's cost bill, together with the attorneys' fees fixed by the order.

I.C., § 12–113, in part reads:

"A party dissatisfied with costs claimed may within five days after the service upon him of the copy of the memorandum, file and serve upon the adverse party or his attorney, a notice of a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers."

and I.C., § 12–115, in part reads:

"Insertion of costs in judgment.—The clerk must include in the judgment entered up by him * * * the costs, if the same have been taxed or ascertained; and he must, within two days after the same are taxed or ascertained, if not included in the judgment, insert the same in a blank left in the judgment for that purpose, and must make a similar insertion of the costs in the copies and docket of the judgment."

Appellants in effect followed the procedure outlined in I.C., § 12–113; the trial court ruled upon the matter and adjudged respondent to be entitled to costs including the attorneys' fees; therefore the court by its order of February 7, 1958, taxed costs in favor of respondent.

■ The costs having "been taxed or ascertained" (I.C., § 12–115) there appears sufficient space, "blank left in the judgment for that purpose," after the phrase "together with his [respondent's] costs and disbursements incurred in this action," for entry by the clerk of the amount of the costs, ascertained and ordered taxed by the court, by entry of the phrase, "taxed in the sum of $372.60," or phrase of similar import. The mere omission of a blank intended for the clerk to insert the amount of costs will not vitiate the judgment. Swinehart v. Turner, 36 Idaho 450, 211 P. 558.

■ Though the judgment had become final by lapse of the 60-day appeal period, appellants were not thereby prejudiced since their right to test the validity of the order made after judgment was duly preserved by the remedy of appeal therefrom, I.C., § 13–201, which they duly pursued.

■ Appellants' objections to the cost bill and motion to strike, being unfinished business pending upon expiration of the term of court January 13, 1958, went over to the next term. The court had inherent power to finish such business at the succeeding term. This rule is succinctly stated in 21 C.J.S. Courts § 153, p. 242, as follows:

"Ordinarily, business which is unfinished at the end of a term goes over to the next term, all causes not tried or otherwise disposed of being continued as of course or by operation of law to the next term, * * * there is an inherent power in courts to finish at a succeeding term business commenced at a previous term."

The order is affirmed. Costs to respondent.

KEETON, C. J., PORTER and TAYLOR, JJ., and SPEAR, D. J., concur.

McQUADE, J., not participating.