371 P.2d 847

Thomas M. FISHER, Plaintiff-Appellant,

v.

Helen N. FISHER, Defendant-Respondent.

No. 8945.

Supreme Court of Idaho.

March 16, 1962.

Rehearing Denied June 6, 1962.

Richards, Haga & Eberle, Boise, for appellant.

Langroise, Clark & Sullivan, Boise, for respondent.

McFADDEN, Justice.

The appellant, Thomas M. Fisher, and the respondent, Helen N. Fisher were married on June 12, 1935, at Boise, Idaho, where they have since resided. In 1945 a daughter was born of the marriage. Unfortunate differences arose precipitating this divorce action by the husband against respondent. The cause was tried in District Court on the issues presented by the husband's complaint and the wife's answer and counter-claim.

During the course of the trial, after some evidence had been introduced, counsel for

**306**

the respective parties submitted to the court a stipulation pertaining to the issues relative to division of property, care and custody of their minor daughter, support for the wife, and obligations as to attorney's fees.

■ The following is a recitation of the record dealing with that portion of the stipulation involved here: (Portions of the decree and records hereinafter quoted, are italicized for emphasis.)

"Mr. J. L. Eberle, (Husband's attorney) : If the Court please, before proceeding any further with a witness, I thought it might be well to advise the Court of the fact that *the parties have agreed that,* if satisfactory to the Court, *it would be satisfactory to have the property of these parties divided on this basis*: * * *"

Then followed a discussion as to the agreed division of particular items of real and personal property concerning which *there is no* question presented on this appeal. The colloquy continues:

"Mr. J. L. Eberle: * * * Now, I think that disposes of the—

"The Court: And then, the support,

"Mr. J. L. Eberle: Yes, *and that under present conditions, the parties have agreed that the support money for the wife* would be at the rate of five hundred dollars per month.

"The Court: Starting?

* * * * * *

"Mr. J. L. Eberle: Commencing May fifteenth. Would that be all right, Tom? Is that all right with you?

"Mr. Fisher: (nods head in the affirmative.)

"Mr. Langroise: May fifteenth and the fifteenth of every month thereafter?

"Mr. J. L. Eberle: And each month thereafter, yes.

"Mr. Langroise: O.K."

A further discussion concerning attorney's fees and the custody of the minor daughter of the parties followed. Counsel also stipulated at that time, that findings of fact and conclusions of law could be waived.

After the presentation of evidence and after the parties had rested, the Court stated:

"The Court finds that while there is fault on the part of both the plaintiff and the defendant that the Court will award the plaintiff the divorce in this matter. And as stated before, approves the stipulation for the property settlement and the five hundred dollar per month *support payment* that will be made by the plaintiff toward the support of the defendant each year (sic).
* * *"

The Court then paraphrased the stipulation concerning the division of property and custody of the child, and set the amount of the attorney's fees.

After entry of the decree appellant filed his objections, directed to the following portion of the preliminary recital in the decree:

"\* \* \* and the parties having stipulated a property settlement agreement, *which said agreement under plaintiff's present condition includes a provision for the support and* maintenance of the defendant. \* \* \*"

Appellant's objection, would have the italicized words read as follows:

"\* \* \* and the parties having stipulated a property settlement agreement, and further stipulated that under present conditions the support money for the Defendant."

Objections were also directed to this portion of the decree:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the stipulated property settlement, between the parties be, and hereby is, approved, which agreement is set forth in the following *three* provisions: ———"

Appellant's objection here is directed to the use of the word "three", he contending that there are only two provisions in the stipulation, one pertaining to property settlement, the other pertaining to support money. Finally, appellant objects to the numbering assigned to particular paragraphs encompassing other portions of the stipulation.

This appeal, in effect, requires consideration of that paragraph of the decree which reads as follows:

"AND, IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that plaintiff pay to defendant for her support and maintenance the sum of Five Hundred Dollars ($500.00) per month, the first of said payments to be made on May 15th, 1960, and subsequent payments to be made on the 15th day of each and every month thereafter."

Appellant contends that the payments mentioned in this paragraph are "alimony", authorized by I.C. § 32–706 while respondent contends that the monthly payments are in the nature of consideration for division of property.

Respondent questions the court's authority to grant "alimony", the divorce being granted to the husband. In Good v. Good, 79 Idaho 119, 311 P.2d 756, this court held that where the husband himself is not free from fault, and the wife's fault, although sufficient to justify granting the husband a divorce, is not so grievous as to compel denial of alimony, the trial court, in its

discretion, may make such an allowance. Even though in the present action the parties, by stipulation, waived findings of fact and conclusions of law, the court stated: "The Court finds that while there is fault on the part of both the plaintiff and defendant * * *". Such determination does not in itself exclude the applicability of the rule stated in Good v. Good, supra, in the absence of an actual determination that the wife's fault is so grievous as to compel denial of an allowance.

Again referring to the contention of the parties concerning the status of the monthly payments provided by the decree, both court and counsel entered into their discussion concerning such payments only after the stipulation had settled the items involved in division of the property of the parties. In the stipulation, in the statement of the court reiterating such stipulation, and in the decree itself, all parties referred to this monthly payment as "support money" or "support payment". We are constrained to the view that both the court and counsel had reference to the phrase, "suitable allowance to the wife for her support", used in I.C. § 32–706, for nowhere does the record disclose any reference by the court or counsel to such payments as being in consideration for or as an adjustment of the division of property rights of the parties.

■ Nor is there merit in respondent's contention that since this appeal was taken from only a portion of the judgment and since portions appealed from cannot be separated from the remainder of the judgment, from which no appeal was taken, the appeal cannot be entertained. As previously pointed out, the court and counsel first dealt with the property of the parties, and, after concluding that portion of the stipulation, then proceeded to the matter of support, as a separate and distinct item. These provisions are clearly separable and not interdependent. Stearns v. Strom, 68 Idaho 392, 195 P.2d 337.

■■ This decree, is based on the stipulation of the parties, and is limited by their agreement, subject to the continuing jurisdiction of the court in matters concerning the welfare of the child, and subject to its continuing jurisdiction to modify support payments under changed conditions. I.C. §§ 32–705, 32–706. Consent decrees must conform to the agreement of the parties, subject to such inherent powers of the court. Wright v. Wright, 235 Ky. 387, 31 S.W.2d 614; Insurance Service Co. v. Finegan, 196 Okl. 441, 165 P.2d 620. See also: Strode v. Miller, 7 Idaho 16, 59 P. 893.

The trial court erred in failing to modify the decree in accordance with the objections presented. The cause is remanded with directions to modify the decree to conform to the provisions of the stipulation and the views expressed herein.

Costs to appellant, excluding, however the following: cost of reply brief, as it was filed late; cost of transcript on appeal for non compliance with Supreme Court Rule 20, insofar as references in objection to Decree failed to coincide with the Decree as transcribed; and Exhibit "B" to transcript on appeal for failure to initially comply with Supreme Court Rule 35.

SMITH, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.

ON PETITION FOR REHEARING

McFADDEN, Justice.

By respondent's petition for rehearing it is contended that the stipulation between the parties should be held null and void and the case remanded for further proceedings to admit evidence of the relative value of the property of the parties. In denying this petition for rehearing it is noteworthy that respondent took no appeal from the decree entered in this action and that the validity of the stipulation of the parties was not previously questioned by her in this court. The basis of the petition for rehearing being directed primarily to a factual determination, this court cannot accede to this request.

Under the circumstances the trial court was required to make its decree conform to the provisions of the stipulation.

Petition for rehearing is denied.

SMITH, C. J., and TAYLOR, KNUDSON, and McQUADE, JJ., concur.