721 P.2d 223

**HELLS CANYON EXCURSIONS, INC., an Idaho corporation, and Floyd W. Harvey, Plaintiffs-Appellants.**

v.

**Bruce OAKES and Keith Flugstad, Defendants-Respondents.**

No. 15741.

Court of Appeals of Idaho.

June 24, 1986.

Thomas A. Miller and Merlyn W. Clark, Boise, for appellants.

No appearance by respondents.

WALTERS, Chief Judge.

This case involves the authority of the district court to order a reduction in the amount of a judgment entered upon a jury's verdict, after the court initially had denied a motion for judgment notwithstanding the verdict and after a notice of appeal from the judgment had been filed. We hold the appeal deprived the district court of jurisdiction to subsequently order reduction of the verdict and judgment.

The case comes to us with the following background. The appellant, Hells Canyon Excursions, Inc., operated an excursion business on the Snake River near Lewiston, Idaho. The business was conducted from public lands leased from the United States Forest Service. Hells Canyon and its sole shareholder, Floyd Harvey, filed suit against the respondents, Bruce Oakes and Keith Flugstad, for damages to its business and personal property resulting from fire and vandalism allegedly caused by the respondents. A jury returned a special verdict in favor of Hells Canyon, specifying particular items of loss and assigning values to each of those items. A judgment was entered on March 26, 1984 for $219,-200, the total amount of the verdict. The respondents timely moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. They contended, among other grounds, that the evidence was insufficient to justify the jury's assessment of $35,000 as the value of a United States Forest Service "special use permit" held by Hells Canyon, one of the itemized losses found by the jury.

Following hearing, the district court denied the respondents' alternative motions, by written orders executed on July 6, 1984 and properly filed by the clerk of the district court on August 16, 1984. The respondents filed a notice of appeal the next day, on August 17, 1984. Thereafter, on September 5, 1984 the district court *sua sponte* entered a memorandum opinion and order again addressing the respondents' motion for judgment notwithstanding the verdict. In that order the court once more ruled the motion was denied, but the court determined the evidence was insufficient to support the verdict of the jury in respect to the value assigned to the special use permit. The court thus ordered that the verdict and judgment should be reduced by $35,000.

Hells Canyon timely filed its notice of appeal from the September 5 order. The appeal by the respondents was subsequently voluntarily dismissed, and the case is now before this Court on Hells Canyon's appeal. Hells Canyon contends the district court was without authority to enter the September 5 order. We agree.

In *Dolbeer v. Harten,* 91 Idaho 141, 417 P.2d 407 (1966) our Supreme Court noted:

The general rule is that upon an appeal being perfected the trial court is divested of jurisdiction of the cause; having lost

jurisdiction pending an appeal the lower court may not allow amendments; and it is error to enter a substituted and supplemental decree after appeal is taken. [Footnotes omitted.]

91 Idaho at 147–48, 417 P.2d at 413–14. *See also Coeur d'Alene Turf Club, Inc. v. Cogswell,* 93 Idaho 324, 461 P.2d 107 (1969); *First Security Bank v. Neibaur,* 98 Idaho 598, 570 P.2d 276 (1977); *Avondale Irrigation District v. North Idaho Properties, Inc.,* 99 Idaho 30, 577 P.2d 9 (1978).

■ Through the adoption by our Supreme Court of the Idaho Appellate Rules in 1977, the general rule noted in *Dolbeer* was modified to vest the district court with limited jurisdiction during the pendency of an appeal. In particular, at the time the respondents' notice of appeal was filed in this case, I.A.R. 13(b) provided that, during the pendency of an appeal, the district court was authorized and empowered to rule on motions for new trial, for judgment notwithstanding the verdict, to amend the judgment and on any motions under Rules 60(a) or (b), I.R.C.P. Clearly, if the court below had not yet ruled on the respondents' post-trial motions for judgment notwithstanding the verdict or for a new trial, before the respondents' notice of appeal was filed, the court would have had jurisdiction to decide these motions after the appeal from the judgment was taken. However, because the district court had already decided those motions, they were no longer pending and the subsequent notice of appeal transferred jurisdiction of the case from the district court to the appellate court. *Dolbeer v. Harten, supra.* The district court therefore had no power or authority—because it lacked jurisdiction—to reconsider its earlier decision and to enter a different ruling in respect to the respondents' motions.

■ Furthermore, motions for a new trial, for judgment notwithstanding the verdict, or to alter or amend a judgment must be made within ten days of the entry of the judgment. I.R.C.P. 50(b) and 59. The trial court has no power to grant the relief requested by any such motion if the motion is not timely filed, but instead is obligated to deny the motion. *Wheeler v. McIntyre,* 100 Idaho 286, 596 P.2d 798 (1979). The time limitation affecting the power of the trial court to grant such motions includes action by the court on its own initiative.

As previously stated, we do not believe that the trial court has power to entertain a motion, served more than 10 days after the entry of judgment, for reconsideration of a prior order denying a new trial, or denying an alteration or amendment of the judgment. Such a motion for reconsideration is in derogation of the policy of finality and should not be entertained by the court. This principle would preclude reconsideration by the court, on its own initiative, more than 10 days after the entry of judgment. [Footnotes omitted.]

6A MOORE'S FEDERAL PRACTICE ¶ 59.-13[3] at 59–300 (2d ed. 1985).

While we can appreciate the district court's attempt to prevent judgment from being entered on a verdict that arguably was not supported by substantial evidence, under the appellate rules the forum for consideration and resolution of that issue lay with the appellate court, not the district court, by virtue of the respondents' appeal. Recourse was therefore available on appeal to remedy any problem with the amount of the verdict or judgment, as an alternative to the trial court's *sua sponte* reconsideration of the matter outside of the time limits governing motions for a new trial or for judgment notwithstanding the verdict. Moreover, review on appeal would also avoid the jurisdictional question resulting from the district court's reconsideration of the respondents' motions, on its own initiative without notice to the parties or opportunity to be heard further, in advance of the reconsideration ruling. Unfortunately, the issue of whether the verdict was sup-

ported by substantial evidence has now been laid to rest as a consequence of respondents' abandonment of their appeal.

We hold that, having once ruled on the post-trial motions and an appeal being taken following its ruling, the district court did not have authority to reconsider its earlier ruling on its own initiative more than ten days after the entry of the judgment. Therefore, the order of the district court, entered on September 5, 1984, reducing the judgment by $35,000, is hereby vacated. Costs to appellant; no attorney fees on appeal.

BAKES and McFADDEN, JJ., Pro tem, concur.