(October 3, 1923.)

## JAMES SPIVEY, Plaintiff, v. DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR ADA COUNTY, and M. I. CHURCH, Judge; Defendants.

[219 Pac. 203.]

ORDER—MINUTE ENTRY—UNSIGNED MINUTES—CORRECTNESS OF ENTRY NOT DISPUTED—MOTION FOR NEW TRIAL—REHEARING AFTER ORDER GRANTING OR DENYING SAME — SECOND AND CONTRARY ORDER — JURISDICTION—PROHIBITION—REMEDY BY APPEAL.

1. Where a district judge ordered the clerk to make an entry denying a new trial, and the clerk made the entry as directed, the

Publisher's Note.
1. What constitutes order of court, see note in **Ann. Cas. 1917C,** 1041.

same constitutes an order, even though the minutes were not signed by the judge.

2. An order of a district court denying a new trial is final, and the judge has no jurisdiction to grant a rehearing and make another order granting the motion.

3. *Held*, that under the facts of this case the remedy by appeal is not speedy, or adequate, and prohibition lies.

APPLICATION for original Writ of Prohibition. Alternative writ granted. Made permanent on hearing.

Clinton H. Hartson, for Plaintiff.

The trial court, on March 24, 1923, "made and entered on the minutes of the court" an order denying motion for new trial, and thereafter had no jurisdiction to grant a new trial, as was done by it on June 1, 1923. (*Clarke v. Crane*, 57 Cal. 629; *Garoutte v. Haley*, 104 Cal. 497, 38 Pac. 194; *Hislop v. Moldenhauer*, 24 Or. 106, 32 Pac. 1026; C. S., secs. 7152, 7194.)

It is apparent that there are now two different and equally effective methods of making and entering an order. (*Perkins v. Loux*, 14 Ida. 607, 95 Pac. 694, 697.)

The statute does not prescribe the manner or method of making or entering an order granting or denying motion for a new trial.

Even though the court did not sign the order in the minutes, and the entry in the minutes was the mere ministerial act of the clerk, it was sufficient as an appealable order. (*Bouchard v. Abrahamsen*, 4 Cal. App. 430, 88 Pac. 383; *King v. Dugan*, 150 Cal. 258, 88 Pac. 925; 20 R. C. L. 512; *In re Weber*, 4 N. D. 119, 59 N. W. 523, 28 L. R. A. 621; *Von Schmidt v. Widber*, 99 Cal. 511, 34 Pac. 109; *Allen v. Voje*, 114 Wis. 1, 89 N. W. 924; *Pflug v. Brown*, 57 Cal. App. 312, 207 Pac. 39.)

"The superior court may not revoke, modify, or otherwise disturb its judgments and orders regularly made in pursuance of plain statutory provision, where the statute prescribes the method by which such judgments and orders may be reviewed, except as authorized by statute." (*Luke v.*

*Coleman,* 38 Utah, 383, Ann. Cas. 1913B, 483, 113 Pac. 1023;
*United Railroads v. Superior Court,* 170 Cal. 755, Ann. Cas.
1916E, 199, 151 Pac. 129; *Dolan v. Superior Court,* 47
Cal. App. 235, 190 Pac. 469; *Waggenheim v. Hook,* 35 Cal.
216.)

An order granting or denying new trial, once submitted
and entered, cannot afterward be vacated and further order
made in the premises, except in certain statutory contingen-
cies. (*Coombs v. Hibberd,* 43 Cal. 452; *Odd Fellows' Sav.
Bank v. Deuprey,* 66 Cal. 168, 4 Pac. 1173; *People v. Center,*
61 Cal. 191; *Dorland v. Cunningham,* 66 Cal. 484, 6 Pac.
135; *Carpenter v. Superior Court,* 75 Cal. 596, 19 Pac. 174;
*Egan v. Egan,* 90 Cal. 15, 27 Pac. 22; *Holtum v. Greif,* 144
Cal. 521, 78 Pac. 11; *Audia v. Denver & R. G. R. Co.,* 45
Utah, 459, 146 Pac. 559; *Crosby v. North Bonanza Silver
Min. Co.,* 23 Nev. 70, 42 Pac. 583; *Rogers v. Hoenig,* 46 Wis.
361, 1 N. W. 17; *State v. Naylor,* 5 Boyce (Del.), 99, 90
Atl. 880; *Zeilman v. Fry,* 213 Mich. 504, 182 N. W. 41;
*Atlantic Coast Line v. Neves,* 23 Ga. App. 468, 98 S. E. 391;
*Victor Power & Min. Co. v. Cole,* 11 Cal. App. 497, 105 Pac.
758; *Whitbeck v. Montana Cent. Ry. Co.,* 21 Mont. 102, 52
Pac. 1098.)

The objection that the lower court has improperly vacated
its final order is one that goes to the jurisdiction of the
court. (*Lang v. Superior Court,* 71 Cal. 491, 12 Pac. 306;
*Carpenter v. Superior Court, supra; Holtum v. Greif, supra;
Robson v. Superior Court,* 171 Cal. 588, 154 Pac. 8; *Nasan v.
Superior Court,* 39 Cal. App. 448, 179 Pac. 454; *Gill v. Pep-
pin,* 41 Cal. App. 487, 182 Pac. 815; *Dolan v. Superior
Court, supra; Owen v. Dist. Court,* 43 Okl. 442, 143 Pac.
17; *Shepherd v. Superior Court,* 54 Cal. App. 673, 202 Pac.
466; *Newman v. District Court,* 32 Ida. 607, 186 Pac. 922.)

Delana & Delana, for Defendants.

An order granting or refusing new trial may be vacated
during the same term of court. (Ann. Cas. 1913B, 485 and
487, note; 29 Cyc. 1029; 20 R. C. L., p. 312, sec. 96; *Dawson
v. Wisner,* 11 Iowa, 6; *State v. Luft,* 104 Kan. 353, 179 Pac.

553; *Kentucky Cent. R. Co. v. Smith,* 93 Ky. 449, 20 S. W. 392, 18 L. R. A. 63; *Loveland v. Rand,* 200 Mass. 142, 85 N. E. 948; *Beckett v. North Western Masons Aid Assn.,* 67 Minn. 298, 69 N. W. 923; *Chandler v. Gloyd,* 217 Mo. 394, 116 S. W. 1073; *Snow v. Vandever,* 33 Neb. 735, 51 N. W. 127; *Herzig v. Metzger,* 62 How. Pr. (N. Y.), 355; *Coffield v. Warren,* 72 N. C. 223; *Huber Mfg. Co. v. Sweney,* 57 Ohio St. 169, 48 N. E. 879; *Blake v. Baker,* 66 Okl. 88, 167 Pac. 329; *Van Vliet v. Conrad,* 95 Pa. Sup. Ct. 494; *National G. N. R. Co. v. Hugen,* 45 Tex. Civ. 326, 100 S. W. 1000; *Rhea v. Gibson,* 10 Gratt. (Va.) 215; *Browning v. Hoffman,* 86 W. Va. 468, 103 S. E. 484.)

Writ of prohibition will not lie to prevent vacation or annulment of judgment or order. (32 Cyc. 621; *State v. District Court,* 5 Wyo. 227, 39 Pac. 749; *Selzer v. Bagley,* 19 N. D. 697, 124 N. W. 426.)

The letter of Judge M. I. Church and the unsigned minute entry do not constitute an order. (C. S., sec. 7194; *Goade v. Gossett,* 35 Ida. 84, 204 Pac. 670; *Exchange National Bank v. Northern Idaho Pine Lumber Co.,* 24 Ida. 671, 135 Pac. 747; *Johnson v. Johnson,* 2 Tenn. 521.)

McCARTHY, J.—This is an original application for a writ of prohibition. The following facts are stipulated. March 24, 1923, the defendant judge addressed to counsel and delivered to the clerk for the purpose of making a minute entry a letter which closed as follows:

"I am in doubt as to the grounds set up in motion for new trial, as being sufficient to grant the same, and therefore will have to deny the motion upon those grounds."

The same day the clerk entered the following on the minutes:

"In this cause, the intervenors motion for a new trial having been heretofore argued before the court and taken under advisement, the court at this time rendered its decision and denied the motion for a new trial."

This minute entry was never signed by the judge. Subsequently a motion for rehearing was made and entertained

by the court. June 1, 1923, defendant judge addressed to counsel and delivered to the clerk for the purpose of making a minute entry a letter which closed:

"Therefore, the motion for a new trial will be granted, and an order may be made in accordance with the above ruling."

On the same day the clerk entered the following minute:

"In this cause, the defendants' motion for a new trial having been heretofore argued before the Court and taken under advisement, the Court, at this time, rendered its decision, to wit: 'Motion for new trial will be granted.'"

This minute entry was never signed by the judge. On June 4, 1923, the defendant judge signed and filed with the clerk an order which closed as follows:

"It is ordered, that the verdict and judgment in the above entitled action be set aside and a new trial be had, in said cause."

The original judgment of the trial court was in favor of the plaintiff in this proceeding and he opposed the motion for a new trial. He seeks to restrain the defendants from proceeding with a new trial on the ground that the defendant judge denied the motion on March 24, 1923, and thereafter had no jurisdiction or power to reverse his action and grant a new trial. The case is submitted to us on the application, demurrer and stipulation.

C. S., sec. 7194, reads as follows:

"§ 7194. Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order. An application for an order is a motion."

An appeal must be taken from the order within sixty days after it is made and entered on the minutes of the court or filed with the clerk. (C. S., sec. 7152.) It is thus evident that an order must be in writing. It may, however, be made and filed with the clerk, in which event it must be signed by the judge, or it may be entered in writing in the minutes or journal of the court. (*Perkins v. Loux,* 14 Ida. 607, 95 Pac. 694.) There is no statute prescribing just how, or by whom the minutes or journal shall be kept. However, the

practice has been firmly established, and should be recognized, of having the clerk enter in the minutes or journal a written statement of the action taken by the court. It is to such an entry that the above-mentioned statutes must refer. The letter of March 24th of itself was not an order. (*Goade v. Gossett*, 35 Ida. 84, 204 Pac. 670.) If Judge Church had signed the minute entry made by the clerk on March 24th it would certainly have constituted an order denying the motion for a new trial. Does the fact that he did not sign it prevent it from being an order? It is, of course, clear that the judge cannot be absolutely bound by the minute entries which the clerk may make. It is possible that the clerk may make mistakes. It is within the power of the court to correct such mistakes. If the clerk enters an order when none was made, the judge may cause it to be expunged. If the clerk incorrectly enters an order which was made, the court may correct the entry to speak the truth. (*Garoutte v. Haley*, 104 Cal. 497, 38 Pac. 194; *Crim v. Kessing*, 89 Cal. 478, 23 Am. St. 491, 26 Pac. 1074; *Paige v. Roeding*, 96 Cal. 388, 31 Pac. 264; *Cockrill v. Clyma*, 98 Cal. 123, 32 Pac. 888; *Clark v. Crane*, 57 Cal. 629.) It is the practice for the judge to sign the minutes. Such act on his part, however, does not constitute the making of the order. (*Allen v. Voje*, 114 Wis. 1, 89 N. W. 924; *Niles v. Edwards*, 95 Cal. 41, 30 Pac. 134.) It merely constitutes evidence of the fact that the minutes correctly state the action of the court. The judge who made the order is a party to this proceeding. He makes no contention that the minutes do not correctly represent his action. On the contrary, it is stipulated that he directed the clerk to make the entry. It therefore appears that the order was made, even though the judge has not signed the minutes. We conclude that the act of the judge in ordering the clerk to make a minute entry in accordance with his letter of March 24th, and the making of such an entry by the clerk in the minutes prove an order of that date denying a new trial. (*Bouchard v. Abrahamsen*, 4 Cal. App. 430, 88 Pac. 383; *McCrea v. Haraszthy*, 51 Cal. 146; *Niles v. Edwards, supra; Allen v. Voje, supra.*)

After denying a motion for a new trial has the district court jurisdiction to reverse its own action by subsequently granting a rehearing and making another order granting a new trial? The authorities are in conflict. The greater number hold that it has, basing their decisions on the ground that it is in the interest of justice to permit a trial court to reverse its own action in order to correct mistakes. Other authorities hold that the trial court has no such power. (*Coombs v. Hibberd,* 43 Cal. 452; *Carpenter v. Superior Court,* 75 Cal. 596, 19 Pac. 174; *Crosby v. North Bonanza Silver Min. Co.,* 23 Nev. 70, 42 Pac. 583; *Burnham v. Spokane Mercantile Co.,* 18 Wash. 207, 51 Pac. 363; *Luke v. Coleman,* 38 Utah, 383, Ann. Cas. 1913B, 483, 113 Pac. 1023.) The ground of these decisions is well stated in *Coombs v. Hibberd, supra:*

"The right to move for a new trial is a creature of the statute, and this statute provides for but one statement and one motion.

"The motion to vacate the order was equivalent in its effect upon the parties to a renewed motion for a new trial. It demanded another hearing of a question once determined, and resulted in the granting of a new trial which had been once refused. If this practice should be allowed, several consequences, not contemplated by the statute, would ensue. The limited time within which a motion for a new trial may be made would be practically enlarged, for there can be no good reason why the motion to set aside the order should be made within a limited number of days. The proceedings after judgment would be interminable, for the last order could be vacated upon motion of the losing party, and so *ad infinitum.* There must be some point where litigation in the lower Court terminates, and the losing party is turned over to the appellate Court for redress."

Under Const., art. 5, sec. 13, the legislature may regulate by law the method of procedure in the district courts. The granting of a new trial is regulated by C. S., secs. 6890 and 6891. Notice of intention to move for a new trial must be given within ten days after the verdict or after notice of the de-

cision of the court.  (C. S., sec. 6890.)  The application for a new trial should be heard at the earliest practicable time after notice of the motion, if it is to be heard upon the minutes of the court, and in other cases after the affidavits are filed.  (C. S., sec. 6891.)  C. S., sec. 6893, also gives the court the power to grant a new trial on its own motion in certain contingencies, but it is not contended that this section has any application, and manifestly it cannot have, for reasons given in *Merchants' Protective Assn. v. Jacobson*, 33 Ida. 387, 195 Pac. 89.  This is a plain case of a district judge permitting the motion for a new trial to be renewed and reversing his former order.  We conclude that it was not the intent of the legislature that this should be done. On the contrary, the clear intent of our statutes is that an order either granting or denying a new trial is final and the only remedy is by appeal.

Defendants contend that, even if they are without jurisdiction to proceed with a new trial, prohibition does not lie, because there is a plain, speedy and adequate remedy by appeal.  (C. S., sec. 7268; *Rust v. Stewart*, 7 Ida. 558, 64 Pac. 222; *Olden v. Paxton*, 27 Ida. 597, 150 Pac. 40; *Natatorium Co. v. Erb*, 34 Ida. 209, 200 Pac. 348.)  Much depends upon the facts of the individual case.  Where, as here, a district court has tried a case, entered judgment, denied a motion for a new trial, passing upon all questions, and now is about to try it again without any jurisdiction so to do, we do not regard the remedy by appeal as either speedy or adequate.  The exercise of a sound discretion requires the granting of the writ.  The alternative writ of prohibition heretofore issued is made permanent with costs to plaintiff.

Budge, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.