823 P.2d 760

**Thomas W. SYTH and Cindy Syth, husband and wife, Plaintiffs-respondents,**

v.

**David L. PARKE, D.C., and B.C. Rene Parke, husband and wife, dba Pend Oreille Chiropractic Center, Defendants-appellants.**

No. 18437.

Supreme Court of Idaho,
Coeur d'Alene, October 1990 Term.

May 23, 1991.

Rehearing Granted July 29, 1991.

Cosho, Humphrey, Greener & Welsh, Boise, for defendants-appellants. Kathryn A. Sticklen argued.

Howard & Owens, Coeur d'Alene, for plaintiffs-respondents. R. Bruce Owens argued.

BAKES, Chief Justice.

This appeal arises from a claim of malpractice against a chiropractor. The trial court granted defendants a new trial on grounds of juror misconduct, but sometime later reversed that ruling and denied the new trial. Defendants appeal from the trial court's reconsideration and reversal of its earlier order granting a new trial.

In July, 1983, plaintiff Thomas Syth slipped at work and injured his back. Following this accident, he consulted with defendant David Parke, a chiropractor located in Sandpoint, Idaho. Dr. Parke performed chiropractic adjustments on Syth beginning in March, 1984. Syth testified that on June 12, 1984, when Dr. Parke adjusted his neck, he instantly suffered a sharp pain in his lower neck. Following this visit, Syth did not see Dr. Parke again. After consulting a series of various doctors and specialists, Syth was ultimately diagnosed as suffering from a congenital fusion in the neck, and Syth eventually had surgery performed to correct that problem. Syth was also diagnosed as suffering from radiculopathy.

In 1986, Syth and his wife initiated this action against Dr. Parke and his wife and several others, alleging malpractice. The other defendants were subsequently dismissed and the case proceeded to trial against Mr. and Mrs. Parke. In February, 1989, the jury returned a verdict in favor of plaintiffs. On March 6, 1989, the defendants moved for j.n.o.v. or, alternatively, new trial, on the basis of juror misconduct and/or irregularities. Apparently, one of the jurors (Austin) contacted counsel for the Parkes and informed him that another juror (Gerow) had stated during deliberations that she had been injured by a chiropractor and that he had done her no good. Gerow also allegedly questioned the appropriateness of the standard of care they were instructed to follow by the trial court and, according to Austin, Gerow appeared to be out for revenge against chiropractors.

Based upon this showing, the trial court granted defendants' motion for new trial on July 17, 1989. Two days later the plaintiffs filed a motion asking the trial court to reconsider its order granting defendants' motion for new trial. Subsequently, on August 1, 1989, the trial court entered a counsel-submitted formal written order confirming its July 17, 1989, minute entry order granting defendants' motion for new trial.

On August 25, 1989, a telephonic hearing was held on plaintiffs' motion to reconsider the granting of the new trial. The only record of this hearing is in the trial court minutes, which state that the trial court denied plaintiffs' motion for reconsideration because I.R.C.P. 11(a)(2)(B) prohibits such motions. However, the court minutes further state that the trial court "on own motion will open motion granting new trial." Shortly thereafter, on September 5, 1989, the plaintiffs filed a notice of appeal from the trial court's August 1, 1989, written order granting a new trial. On November 13, 1989, the trial court entered a written order reversing its initial oral and written orders granting defendants' motion for new trial. On December 1, 1989, defendant Parke filed a notice of appeal from the November 13, 1989, order. On December 20, 1989, plaintiff Syth dismissed the appeal which he had filed on September 5, 1989.

The following significant dates summarize the action taken in the case:

Chronology of Procedural Motions and Orders:

| | |
|---|---|
| February 27, 1989 | Judgment on jury's verdict entered |
| March 6, 1989 | Defendants' motion for new trial filed |
| July 17, 1989 | Trial court orally grants defendants' motion for new trial at hearing |
| July 19, 1989 | Plaintiffs file written motion for reconsideration of the order granting new trial |
| August 1, 1989 | Written order granting defendants' motion for new trial filed |
| August 25, 1989 | Telephonic hearing on plaintiffs' motion for reconsideration—motion denied |
| August 25, 1989 | Trial court's minutes state that "on own motion will open motion granting new trial" |
| September 5, 1989 | Plaintiffs file notice of appeal from August 1, 1989, order granting new trial |
| November 13, 1989 | Trial court enters a written order reversing his July 17 and August 1 orders granting defendants' motion for new trial |
| December 1, 1989 | Defendant Parke files a notice of appeal from the November 13, 1989, order reversing the July 17 and August 1 orders |
| December 20, 1989 | Plaintiff Syth dismisses the appeal filed September 5, 1989 |

The appellants argue that the trial court lacked authority to reconsider its previous order granting a new trial. Appellants point specifically to I.R.C.P. 11(a)(2)(B), Idaho Appellate Rule 13, and *Hells Canyon Excursions, Inc. v. Oakes*, 111 Idaho 123, 721 P.2d 223 (Ct.App.1986), asserting that I.R.C.P. 11(a)(2)(B) specifically prohibits any motion to reconsider an order granting a new trial, and that I.A.R. 13 provides that once an appeal is filed the trial court loses jurisdiction to take any further action in the case.

For nearly a century, this Court has followed the general rule that once an appeal is perfected the trial court is divested of jurisdiction of the cause. *H and V Engineering v. Board of Professional Engineers*, 113 Idaho 646, 747 P.2d 55 (1987); *Hell's Canyon Excursions, Inc. v. Oakes*, 111 Idaho 123, 721 P.2d 223 (Ct.App.1986); *First Security Bank v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977); *Avondale Irr. Dist. v. North Idaho Properties, Inc.*, 99 Idaho 30, 577 P.2d 9 (1978); *Coeur d'Alene Turf Club, Inc. v. Cogswell*, 93 Idaho 324, 461 P.2d 107 (1969); *Dolbeer v. Harten*, 91 Idaho 141, 417 P.2d 407 (1966); *Richardson v. Bohney*, 18 Idaho 328, 109 P. 727 (1910) ("[W]hen the order was appealed from, the court lost jurisdiction, and will have no jurisdiction until the case is re-

manded from this court."). Applying this rule in *Dolbeer v. Harten, supra,* we held that, "Appellants are correct in their contention that the trial court was without authority to pass upon the motion to amend and alter the findings of fact and conclusions of law and vacate the judgment, which was filed after the appeal to this court had been perfected." 91 Idaho at 144, 417 P.2d at 411. This rule was formerly embodied in I.C. § 13–208, enacted in 1881, and survived in that form until 1977 when it was repealed and replaced by Idaho Appellate Rule 13. Rule 13(b) continued the general rule enunciated in *Dolbeer,* but modified it to vest the district court with limited jurisdiction during the pendency of an appeal. We recently discussed Rule 13 in *H and V Engineering v. Board of Professional Engineers,* 113 Idaho 646, 747 P.2d 55 (1987), noting that the district court had no jurisdiction to reconsider and make additional findings of fact after initial findings of fact had already been entered and an appeal taken. We held that, "Once a notice of appeal has been perfected the district court is divested of jurisdiction and the proceedings are stayed during the pendency of the appeal." 113 Idaho at 648, 747 P.2d at 57. We also noted that, "There are exceptions to this general rule, and they are specifically enumerated in Rule 13." 113 Idaho at 648, 747 P.2d at 57. Crucial to our holding in the *H and V Engineering* case was the fact that Rule 13(b) provided no exception for the district court to alter or reconsider its initial findings of fact after an appeal had been taken. We specifically noted that, "Absent from the limited enunciated exceptions to Rule 13 is any provision which authorizes the district court ... to consider and act upon additional findings of fact from the board where, in the interim, appeal of the remand was perfected in this Court." 113 Idaho at 648, 747 P.2d at 57.

Under Rule 13(b), as outlined in *H and V Engineering,* the district court has "the power and authority to rule upon the following motions and to take the following actions during the pendency on an appeal:"

(1) Settle the transcript on appeal.

(2) Rule upon any motion for new trial.

(3) Rule on any motion to amend findings of fact or conclusions of law.

(4) Rule on any motion to amend the judgment.

(5) Rule upon any motion for judgment notwithstanding the verdict.

(6) Rule on any motion under Rule 60(a) or (b), I.R.C.P.

(7) Rule on any motion under Rule 11(a)(2)(B), I.R.C.P.

There is no exception in Rule 13(b) granting the district court power to entertain its own motion to reconsider an order granting a new trial. Or, to use the language in *H and V Engineering,* "Absent from the limited enunciated exceptions to Rule 13 is any provision which authorizes the district court [to entertain its own motion to reconsider an order granting a new trial]." This is particularly the case given the prohibition in I.R.C.P. 11(a)(2)(B), which specifically provides that "there shall be *no motion for reconsideration of an order of the trial court entered on any motion [granting a new trial] filed under Rules ... 59(a)....,"* whether it be the party's motion or the trial court's "own motion," as was the case here.[1]

Neither the motion for reconsideration filed by the plaintiffs nor the trial court's "own motion" to reconsider the August 1, 1989, order granting a new trial is one of the "enunciated exceptions" which Idaho Appellate Rule 13(b) permits a trial court to

---

1. Prior to adoption of the Federal Rules of Civil Procedure, when the granting of new trials was controlled by statute rather than by court rule, this Court interpreted the statute to mean that after the trial court had entered its order on a motion for new trial it did not have jurisdiction to reconsider and change its decision. In *Spivey v. District Court,* 37 Idaho 774, 219 P. 203 (1923), the Court held that, once having ruled upon a motion for new trial and entering an order thereon, the trial court had no jurisdiction to reconsider that decision. The Court issued a writ of prohibition against the trial court, stating, "[T]he clear intent of our statutes is that an order granting or denying a new trial is final and the only remedy is by appeal." 37 Idaho at 781, 219 P. at 204.

take during the pendency of an appeal. *H and V Engineering, supra.*[2]

We conclude that, with the filing of the notice of appeal, the trial court lacked jurisdiction, on its "own motion," to reconsider and reverse its July 17, and August 1, 1989, orders granting defendants' motion for new trial. *H and V Engineering v. Board of Pro. Engineers,* 113 Idaho 646, 747 P.2d 55 (1987); *Hells Canyon Excursions, Inc. v. Oakes,* 111 Idaho 123, 721 P.2d 223 (Ct.App.1986) (once a post-trial motion is decided and an appeal is taken, the lower court has no jurisdiction to reverse its prior order); *First Bank & Trust v. Parker Bros.,* 112 Idaho 30, 730 P.2d 950 (1986); *Dolbeer v. Harten,* 91 Idaho 141, 417 P.2d 407 (1966); *Spivey v. District Court,* 37 Idaho 774, 219 P. 203 (1923).

JOHNSON, BOYLE and McDEVITT, JJ., concur.

BISTLINE, Justice, concurring in the result.

## PART I.

The Court finds itself in an anomalous circumstance—likely one of its own making in following a questionable pathway. That conclusion is readily drawn by a reading of the Court's opinion, and in particular footnote 1 thereof. Therein the distinction is seemingly drawn between "then" and "now," the latter being the present wherein the Court makes and promulgates all of the rules, and "then" which relates back to the time when Court procedure was regulated by the legislature, and was far less complicated.

The anomalous situation is more readily recognized when one notes in today's majority opinion that it is necessary to reach back into the "then" days in order to find support bolstering today's rationale. More specifically, the Court hearkens back to *Spivey v. District Court,* 37 Idaho 774, 219 P. 203 (1923). *Spivey* is revisited with considerable interest. As the Chief Justice has correctly noted in footnote 1 of the majority opinion, in *Spivey* when the granting of new trials was controlled by statute rather than by court rule, this Court thought it necessary to interpret the statute, and did so to the effect that the trial court, after having entered its order on a motion for new trial, did not have jurisdiction to reconsider and change its decision.

Undocumented in today's opinion is it that the Supreme Court at that time was careful to concede that the interpretive con-

---

**2.** The only authority in the Idaho Rules of Civil Procedure giving a trial judge authority to rule on a new trial on its own motion is I.R.C.P. 59(d), which reads:

> **Rule 59(d). On initiative of court.**—Not later than fourteen (14) days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. The court may grant a motion for new trial, timely served, for a reason not stated in the motion. In either case, such order shall be made only after giving the parties notice and an opportunity to be heard on the matter, and the court shall specify in the order the grounds therefor.

In *First Bank & Trust v. Parker Bros.,* 112 Idaho 30, 730 P.2d 950 (1986), this Court discussed the concept of reconsideration by courts of prior decisions and held that a motion for reconsideration "has validity only if it is the equivalent of one of the existing post-trial motions within the Idaho Rules of Civil Procedure, and not as a separate motion *per se.*" The Court in *Parker* said that in determining whether reconsideration fits into a motion for new trial under Rule 59, or a motion for relief from judgment under Rule 60, "Each of these motions [59 or 60] is accompanied by certain procedural requirements as to time of filing and grounds for filing that movants must meet." 112 Idaho at 31, 730 P.2d at 951. The Court further held that Rule 60(b)(6) "was not intended to allow a court to reconsider the legal basis for its original decision."

While Rule 59(d) does give a trial court authority to order a new trial on its own initiative, nothing in the rule expressly permits a trial court to *reconsider* on its own motion a previously issued order granting a new trial. Even if Rule 59(d) were construed to permit a court to reconsider on its own motion an earlier order granting a new trial, the rule requires that such *sua sponte* action be taken "not later than fourteen (14) days after entry of the judgment...." In this case the trial court's "own motion" to reconsider its prior order granting a new trial was entered in the minutes of the telephonic conference held on August 25, 1989, twenty-five days after the August 1, 1989, written order granting the new trial, thirty-nine days after the July 17, 1989, oral order, and approximately six months after entry of the judgment.

clusion which it reached was a minority view. Noting that "the authorities are in conflict" it conceded that *"the greater number hold that ... it is in the interest of justice to permit a trial court to reverse its own action in order to correct mistakes."* *Spivey,* 37 Idaho at 780, 219 P. at 204 (emphasis added).

The Court at that time also noted that "[u]nder Const. art. 5, sec. 13, the legislature may regulate by law the method of procedure in the district courts." *Id.* at 780, 219 P. at 204. Times have indeed changed. Now it is the Supreme Court which does the regulating. As to how the change came about, one cannot be too certain.

The logic in not allowing a district court to reverse its ruling does not readily materialize. That any person, whether judge or not, sees a mistake and recognizes the need for rectifying it, and feels both obligated and justified in doing so, is not an earth-shaking proposition.

Although no compelling reason suggests a challenge to the views espoused in the Court's opinion, I remain somewhat dubious wherein the Court rules that district courts have to live and die with their own error. Because this Court is not so burdened, it is with bewilderment and reluctance that I join the Court's opinion. The plus which I perceive to arise here is that trial judges, be they district judges or magistrates, once having made their considered rulings on close and difficult issues, will no longer see any reason for further concern.

As to just this particular case, if the decision to be made were mine alone, I would prefer to be not all that fettered by what the Court said back in the year 1923, other than to observe, as previously stated, that the trial judge should be accorded the opportunity to have a change of mind which flows from further reflection. That happens so seldom that it is nothing to fret about. Moreover, when such does occur, it is only because of a trial court's consciousness of the importance of being right so that litigants are not dealt with unjustly.

Moreover, it may be readily assumed that henceforth any and all rulings on evidentiary matters likewise, once made, are irrevocably cast in stone and not subject to revision, at least not by the judge directly in charge. One can only wonder who is in the best position to assess the loss in judicial efficiency by a policy which holds the trial judges to one judgment call and one only? Umpires and referees at athletic contests are allowed more leeway than that. At the same time there arises the concomitant question, who better than the judge who has presided over the trial and post judgment proceedings, and, as well, knows the intricacies of the controversy to make that assessment?

## PART II.

Whatever may be the course this Court takes henceforth relative to motions for reconsideration, to my mind it is just plain wrong and unjustifiable to make the action taken today applicable to Judge Michaud's ruling reversing himself on a decision relative to the granting or denying of the judge's own motion to reconsider his previous decision on a motion for a new trial.

In June of 1986, this Court recognized its earlier ruling in *Obray v. Mitchell,* 98 Idaho 533, 567 P.2d 1284 (1977), "that a petition or motion to reconsider filed in the trial court, may be treated as a motion to alter or amend a judgment." *Hamilton v. Rybar,* 111 Idaho 396, 724 P.2d 132 (1986). In December of 1986, this Court cited to the then relatively new *Hamilton* case, inter alia, for the proposition that "[a] 'motion to reconsider' has been called a 'procedural practice of long standing and regular utilization.'" 111 Idaho at 399, 724 P.2d at 133. *First Bank & Trust v. Parker Bros., Inc.,* 112 Idaho 30, 730 P.2d 950 (1986). In that case we found error in a ruling of the trial court, but it had nothing to do with the long recognized acceptance of motions or petitions to reconsider: "We do not hold or intimate by our decision today that motions for reconsideration are not authorized simply because they have not been expressly recognized in the rules." *Id.,* 112 Idaho at 32, 730 P.2d at 952.

The dissenting opinion of Bistline, J., in *Hamilton v. Rybar*, 111 Idaho at 399–400, 724 P.2d at 135–36, provided even more fuel for the fire:

> I would venture that in at least one out of three cases that comes before this Court the record will contain one or more motions for reconsideration. As just one ready example, *Green v. Bannock Paving*, 111 Idaho 3, 720 P.2d 186 (Sup.Ct. 1986), there was such a motion. The procedure is very much a part of our Idaho practice, and with today's opinion the practice will continue. And, it seem to have served a good purpose. In the last year there were two cases where the district judge on reconsideration completely reversed his earlier decision.

> One such case is *Kleiber v. City of Idaho Falls*, 110 Idaho 501, 716 P.2d 1273 (1986).

### PART III.

By far the most troublesome aspect of this Court's opinion is found in the proposition that the Court now is instructing trial judges that they do not possess the authority to *sua sponte* reconsider orders which they have entered in passing post-judgment motions for new trials. It has forever been the statutory law in Idaho that such action is within their authority. A quick glance at the 1932 Annotated Code shows that § 7–608 established the trial court's authority to, on its own motion, vacate a verdict and grant a new trial. The previous codes had the same or similar provisions.

The most unfortunate aspect of the Court's abrupt change in direction lies in the mechanics of the proceedings below, and in this Court. The vice of the Court's rationale is its willingness to completely ignore a motion, which we granted, to suspend an appeal in this Court, which had been filed. Involved counsel in so moving the Court followed the Court's rules explicitly. The motion completely informed us that counsel wanted jurisdiction revested in the district court so that there would be no problems regarding a then on-going procedure pursuant to the action taken by the district court. That action, taken *sua sponte* by the district court was to, on its own motion, reconsider a decision it had earlier reached on a party's motion. The motion filed with us could not have been clearer in informing us what was going on:

> COMES NOW the above named plaintiffs, by and through their counsel of record, Howard & Owens, P.A., and hereby respectfully move this Court for an Order suspending the appeal in this matter upon the grounds and for the reasons that the appeal may be mooted by the fact that the Order Granting a New Trial is currently under advisement by way of the trial court's own motion and Appellants are presently waiting for the Court's Decision.

Plaintiffs' Motion to Suspend Appeal, dated October 11, 1989.

Plaintiffs' attorney filed an affidavit concurrently with the motion to suspend appeal, which provided the additional information that *both* parties were again submitting briefs to the district court as assistance to its research, and:

> 3. That Defendants' Motion for New Trial was granted on July 17, 1989.

> 4. That Plaintiffs moved for reconsideration of the Order Granting a New Trial entered by the trial court on July 18, 1989.

> 5. That the trial court, on its own motion, agreed to open the matter on August 25, 1989, and requested additional briefing from both parties.

> 6. That Plaintiffs are currently waiting for the trial court's decision.

> 7. That if the trial court ultimately reverses itself and denies the Motion for New Trial, Plaintiff will move for dismissal of the Appeal.

Affidavit in Support of Motion to Suspend Appeal, submitted by plaintiffs' counsel, dated October 11, 1989. This Court's understanding and approval of the procedure is clearly spelled out in our Order Granting Motion to Suspend Appeal, dated November 13, 1989:

> A MOTION TO SUSPEND APPEAL and supporting AFFIDAVIT was filed by Appellant seeking to suspend proceedings in this appeal pending a decision by the District Court on a Motion for Recon-

sideration of an Order Granting New Trial. No Objection was filed by Respondents; therefore, good cause appearing,

IT IS HEREBY ORDERED that the MOTION TO SUSPEND APPEAL be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that proceedings in this appeal shall be SUSPENDED for a period of sixty (60) days from the date of this Order at which time the due date for filing the Appeal Record with this Court shall be reset unless otherwise provided by an Order of this Court.

The question before the Court is simply stated: Whatever the Court may do hereafter, are we not today in justice and in good conscience estopped or otherwise equitably precluded from reneging on our order which suspended the appeal so that the district court, Judge Michaud, could rule on his *sua sponte* motion?